Andrew S. PACK et al.

v.

Kerry W. ROSS, M.D. et al.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Assigned on Briefs Feb. 8, 2008.

April 9, 2008.

Anna Minor Grizzle and David Alan King, Nashville, Tennessee, for the appellant, Vanderbilt University.

Lawrence H. Hart and Douglas S. Johnston, Jr., Nashville, Tennessee, for the appellees, Andrew S. Pack, Amie M. Pack, and Andrew M. Pack.

Mary Ellen Morris and Noel F. Stahl, Nashville, Tennessee, for the appellees, Kerry W. Ross, M.D., and Dickson Medical Associates, P.C.

## OPINION

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Defendant Dickson Medical Associates ("DMA") asserts that Tenn.Code Ann. § 20–4–101(b) localizes venue in Dickson County for the plaintiffs' medical malprac-

tice action against DMA. The trial court in Davidson County agreed and transferred the entire case, including claims against defendants who do not reside in Dickson County, to the circuit court in Dickson County pursuant to Tenn.Code Ann. § 16–1–116. Defendant Vanderbilt applied for a Rule 9 appeal which the Court of Appeals granted. Vanderbilt argues that Tenn.Code Ann. § 20–4–101(b) is not jurisdictional and the co-defendants waived any objection to venue in Davidson County; and, alternatively, even if the statute is jurisdictional as to Dickson Medical Associates, it does not require that the action against the other defendants be transferred. We affirm the trial court in all respects.

This Rule 9 interlocutory appeal arises out of tragic circumstances, but only a brief recitation of the facts is necessary to address the issues presented. The plaintiffs, Andrew S. Pack, Amie M. Pack, and their minor son Andrew M. Pack, are residents of Dickson County. They allege that Dr. Kerry Ross, an agent of Dickson Medical Associates ("DMA"), and Dr. Gregory Mencio, an agent of Vanderbilt University, negligently failed to diagnose Andrew M. Pack's leukemia. Andrew was seen by Dr. Ross at the DMA facility in Dickson County on September 13, 2004, and the next day he was seen by Dr. Mencio at Vanderbilt Children's Hospital in Davidson County. On September 27, 2004, Andrew suffered cerebral bleeding that left permanent, severe effects.

The plaintiffs filed their complaint in Davidson County Circuit Court on September 12, 2005, against Dr. Ross, DMA and Vanderbilt. No objections to venue were raised. Over the next twenty months, the parties engaged in discovery and had multiple case management conferences. On May 24, 2007, Dr. Ross and DMA moved to dismiss the case for lack of subject matter jurisdiction based on Tenn.

Code Ann. § 20–4–101(b), arguing that the statute limited venue of the law suit against DMA to Dickson County. The plaintiffs and Vanderbilt opposed the motion. In its order of June 21, 2007, the trial court agreed with Dr. Ross and DMA. The court, however, found that the case should not be dismissed, but rather transferred to the Circuit Court for Dickson County. The trial court also stated that the order would be appropriate for an interlocutory appeal. On July 19, 2007, the parties filed an agreed order staying the transfer and granting permission to Vanderbilt to seek an interlocutory appeal. We granted Vanderbilt's application for interlocutory appeal on August 23, 2007. Vanderbilt argues: (1) Tenn.Code Ann. § 20–4–101(b) is not jurisdictional and the co-defendants waived any objection to venue in Davidson County; and (2) even if the statute is jurisdictional as to DMA, it does not require that the action against the other defendants be transferred.

This case turns on the meaning and legal effect of Tenn.Code Ann. § 20–4–101(b), which in turn should be read in the context of the general rule for transitory actions found in Tenn.Code Ann. § 20–4–101:

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

Tenn.Code Ann. § 20–4–101(a) is the older of the two subsections, dating back to the Public Acts of 1809, Chapter 126. As originally written, it provided that "in

all transitory actions the right of action shall follow the person of the defendant...." 1809 Tenn. Pub. Acts, Ch. 126, § 3. This was the common law rule for transitory actions—venue was appropriate wherever the plaintiff could find the defendant. June F. Entman, *Jurisdiction, Venue and "Localized" Actions in Tennessee*, 39 Tenn. B. J. 34 (Apr. 2003). Under the English common law, all civil actions were either transitory or local. *Id.* Venue was determined by the category into which an action fell. *Id.* Transitory actions were personal in character. As such, they could be brought wherever the defendant was found.[1] *State ex rel. Logan v. Graper*, 155 Tenn. 565, 4 S.W.2d 955, 956 (1927). Local actions necessarily referred to locality, so they had to be brought in the county of the subject-matter.[2] *Id.*

The significance of Tenn.Code Ann. § 20–4–101(b) for this case lies in the fact that it has been held to localize venue for an otherwise transitory action. *Curtis v. Garrison*, 211 Tenn. 339, 364 S.W.2d 933, 936 (1963). Localization of venue gives rise to another important point—localization creates subject matter jurisdiction restrictions on our courts. "The Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction." *Id.* at 936.

Tenn.Code Ann. § 20–4–101(b) originated with the Acts of 1849–50, Chapter 60. It stated that "any defendant or defendants may file a plea in abatement to any suit instituted against him or them in any of the courts of law in this state, when the plaintiff or plaintiffs reside in the same county with said defendant or defendants, when said suit may be instituted in any other county, except their place of residence." 1849–50 Tenn. Pub. Acts, Ch. 60, § 2. This is an exception or refinement to the general rule for transitory actions, created to address one narrow situation.

These statutes were later codified in the Tennessee Code of 1858 as follows:

2808. In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided.

2809. If the plaintiff and defendant both reside in the same county in this State, such action shall be brought in the county of their residence.

These provisions remained the same in the 1884 Code of Tennessee (Milliken & Vertrees) as sections 3513 and 3514, in Shannon's Code as sections 4513 and 4514, and in the Code of 1932 as sections 8640 and 8641, except that in section 8641 the words "in this state" do not appear. Under these code sections, "[i]f both parties reside in the county the action must be brought there and tried in courts convenient to litigants and witnesses." *Haynes v. Woods*, 151 Tenn. 163, 268 S.W. 632, 633 (1925). The object of the provision was "for the convenience of both litigants and witnesses." *McClearen v. U.S. Fid. & Guar. Co.*, 168 Tenn. 268, 77 S.W.2d 451, 451 (1935). When the Tennessee Code Annotated was adopted in 1955, the two sections were combined in section 20–401. In 1963, the Tennessee Supreme Court stated:

---

1. Blackstone described transitory actions as those brought for "injuries that might have happened anywhere, as debt, detinue, slander and the like." *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22 (1926) (quoting 3 William Blackstone, Commentaries * 294). Hence the old saying, "Debitum et contractus sunt nullis loci." (Debt and contract are of no place.)

2. Blackstone described local actions as those where "possession of land is to be recovered, or damages for an actual trespass, or for waste, etc., affecting land." *Burger v. Parker*, 154 Tenn. 279, 290 S.W. 22 (1926) (quoting 3 William Blackstone, Commentaries * 294).

the purpose of this statute was to localize transitory actions to the extent indicated, and that the statute was designed to prevent the proceeding whereby a plaintiff would be permitted to catch his neighbor away from home, and the home of his witnesses, and surprise him with a suit, which, however able he may be to resist at home, he is wholly unable to do so among strangers.

*Curtis,* 364 S.W.2d at 935. The words "in this state" were reinserted in 1967. 1967 Tenn. Pub. Acts, Ch. 55.

In 1972, Tenn.Code Ann. § 20–401 was amended by Public Chapter 446 to establish the present language of Tenn.Code Ann. § 20–4–101(b): "If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence." The bill sponsors were concerned that situations arose where two citizens of one county had, for example, an automobile accident in another county. Requiring the trial to be held in their home county could increase the costs of litigation, so the amendment would make it easier on the witnesses and the parties by allowing an option on venue. Senate Tape S–016 (February 17, 1972); House Tape H–037 (February 23, 1972).

In the instant matter, Vanderbilt argues that Tenn.Code Ann. § 20–4–101(b) is not jurisdictional and the co-defendants waived any objection to venue in Davidson County by waiting over twenty months to raise the objection. Vanderbilt claims the statute is no longer jurisdictional because it has been "significantly amended" to allow venue in either the county where the plaintiff and defendant both reside or in the county where the cause of action arose. Vanderbilt maintains that the 1972 amendment transformed the localizing version of the statute discussed in *Curtis v. Garrison* into a common venue statute by allowing more than one possible venue for the lawsuit. In support of this theory, Vanderbilt refers to a number of cases in which both the Tennessee Supreme Court and the Court of Appeals have considered actions to be local "when a statute prescribes the particular county in which they must be brought," *State ex rel. Huskey v. Hatler,* 606 S.W.2d 534, 538 (Tenn.1980), or when the cause of action "could arise in only one place," *Hawkins v. Tenn. Dept. Of Corr.,* 127 S.W.3d 749, 753 (Tenn.Ct.App.2002). Because Tenn.Code Ann. § 20–4–101(b) could allow venue in two counties (if both parties reside in the same county and the cause of action arose in another county), Vanderbilt claims that the statute no longer localizes jurisdiction.

■ Under the facts of this case, we conclude that Vanderbilt's argument is a distinction without a difference. It is undisputed that the Packs and DMA reside in Dickson County. The cause of action against DMA arises out of medical treatment provided in Dickson County. Consequently, as to these parties under the peculiar facts of this case, Tenn.Code Ann. § 20–4–101(b) localizes venue in only one county—Dickson County. We need not address the theoretical case where the statute permits a choice of two venues. When venue is possible in only one county, we have already seen that the localization of venue creates subject matter jurisdiction restrictions. This returns us to the Tennessee Supreme Court's pronouncement that "[t]he Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction." *Curtis,* 364 S.W.2d at 936. Since venue as to DMA is limited to one county, *Curtis v. Garrison* teaches that the court of that county alone has jurisdiction to entertain the action. *Id.* The defendant cannot consent to or confer jurisdiction. *Id.* Consequently, the participation of DMA in the lawsuit and the twenty-month delay in raising Tenn.Code Ann. § 20–4–

101(b) does not prevent DMA from raising the issue at this time because the lack of "subject matter jurisdiction cannot be waived." [3] *Landers v. Jones,* 872 S.W.2d 674, 675 (Tenn.1994). Similarly, the presence of other defendants who are properly sued in Davidson County does not prevent DMA from successfully raising the issue. *Mills v. Wong,* 39 S.W.3d 188, 189–90 (Tenn.Ct.App.2000).

■ Vanderbilt's other argument is that, even if the statute is jurisdictional as to DMA, it does not require that the action against the other defendants be transferred. The trial court could have simply dismissed the action against DMA, but it did not. Instead, the court expressly found that the action should not be dismissed and transferred the entire case to the Circuit Court for Dickson County pursuant to Tenn.Code Ann. § 16–1–116, which states:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action ... is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is trans-

ferred on the date upon which it was actually filed in the court from which it was transferred.

The trial court's transfer of the action against DMA fits squarely within the purview of the statute. The question is, does Tenn.Code Ann. § 16–1–116 allow the trial court to transfer the other claims and parties involved in the litigation to Dickson County as well? We hold that in this case it does. The entire matter could have been brought in Dickson County originally—venue as to DMA being localized there under Tenn.Code Ann. § 20–4–101(b) and the other parties being sued there through permissive joinder under Tenn. R. Civ. P. 20.01.[4] Since the entire case could have been brought in Dickson County initially, we find that transfer there pursuant to Tenn.Code Ann. § 16–1–116 is permissible.[5]

Finally, transfers under Tenn.Code Ann. § 16–1–116 are discretionary. *Turner v. State,* 184 S.W.3d 701, 705 (Tenn.Ct.App. 2005). An abuse of discretion occurs when a trial court " 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.' " *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn.1999)). Under this standard, a trial court's decision " 'will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.' " *Id.* (quoting *State v. Scott,* 33

---

**3.** This statement should not be read as condoning DMA's slowness in raising the issue.

**4.** Tenn. R. Civ. P. 20 "is designed to allow a single suit to determine the rights and liabilities of all persons when those rights and liabilities arose out of the same transaction or occurrence and when a common question of law or fact exists among all parties." Tenn. R. Civ. P. 20 advisory commission comt. In its brief, Vanderbilt admits that these joinder circumstances exist in this case.

**5.** The Court of Appeals has already suggested that other parties may be transferred along with the parties for whom venue is localized. In *Wylie v. Farmers Fertilizer & Seed Co., Inc.,* No. W2002–01227–COA–R9–CV, 2003 WL 21998408, *6 (Tenn.Ct.App. Aug. 21, 2003), this court stated: "We specifically do not address in this appeal whether the third-party claims ... should be severed and maintained in Dyer County. This issue may be addressed by the trial court on remand, in the discretion of the trial court."

S.W.3d 746, 752 (Tenn.2000)). The trial court's decision to transfer the entire case to Dickson County merely places Vanderbilt in the same situation as DMA was before—its counsel and witnesses will be required to travel to another courthouse, in this case in Charlotte. We find no abuse of discretion on the part of the trial court.

We affirm the decision of the trial court in all respects and remand the matter to the trial court to order the transfer of this case to the Circuit Court for Dickson County. Costs of appeal are assessed against Vanderbilt University or its surety, for which execution, if necessary, may issue.