# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 15, 2010 Session

## THEO KAMPERT, ET AL. V. VALLEY FARMERS COOPERATIVE, ET AL.

### Appeal from the Circuit Court for Giles County
### No. CC-11161    Jim T. Hamilton, Judge

### No. M2009-02360-COA-R10-CV - Filed October 19, 2010

We agreed to hear this extraordinary appeal in order to decide whether the proper venue for a case involving the breach of a construction contract is in the county named in the forum selection clause of the contract, or in the county where the realty is located upon which the construction took place. We hold that the forum selection clause determines the proper venue, because the underlying action cannot fairly be characterized as an action for injury to real property and is, thus, a transitory action.

### Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Reversed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Walter W. Bussart, Lewisburg, Tennessee, for the appellees, Theo Kampert and Ruth Kampert and Kampert Dairy, LLC.

Howard Chris Trew, Athens, Tennessee, for the appellants, Valley Farmer's Cooperative, and Freddie Brewster, individually and as CEO of Valley Farmer's Cooperative, LLC, and Eric Risser, individually and as Project Manager for Valley Farmer's Cooperative, LLC.

## OPINION

### I. THE FACTS

Theo and Ruth Kampert operate a dairy farm, Kampert Dairy, LLC, in Giles County, Tennessee. This case arose from a contract Kampert Dairy entered into on May 19, 2008 with Valley Farmers Cooperative ("VFC"), whereby VFC was to construct an operational dairy facility on the Kamperts' farm, including barns, sheds, and milking facilities. VFC is

a Tennessee Corporation located in McMinn County, Tennessee. Central to this appeal is a clause in the contract which states that "[t]his Agreement shall be construed and interpreted under Tennessee Law and venue for any litigation shall lie in the Circuit or Chancery Court for McMinn County, Tennessee."

On April 8, 2009, the Kamperts filed a complaint in the Circuit Court of Giles County, naming as defendants VFC and two of its officers, both of whom are residents of McMinn County. The plaintiffs alleged that the defendants had breached their contract by performing shoddy workmanship, incurring cost overruns, and using inferior materials. They accordingly claimed that the defendants were guilty of breach of contract, negligence, civil fraud, intentional infliction of emotional distress, and violation of the Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*.

On April 23, 2009, the defendants filed a motion to dismiss for improper venue. They contended that because of the venue clause in the contract, suit could only be brought in McMinn County. They also noted that they had not contracted with Theo and Ruth Kampert individually, but with Kampert Dairy, L.L.C. The plaintiffs subsequently amended their complaint to add Kampert Dairy as plaintiff and to adopt all the allegations of the complaint on its behalf with regard to the breach of contract claim.

The plaintiffs responded to the motion to dismiss by arguing that the venue selection clause in the contract was void. They cited the case of *Hall v. Southall Brothers*, 240 S.W.298 (Tenn. 1921), in which our Supreme Court declared that under Tennessee law any action involving injury to real estate is a local action, which may only be brought in the county in which the real estate is located. The trial court agreed with the plaintiffs' argument. In its order of June 4, 2009, the court stated,

> This action is brought in the correct county. This is an action seeking damages for injury to land and when one speaks of injury to land, they are saying the land is injured because its value has diminished because of the negligence of the defendant. This action seeks damages for negligence.

The trial court then dismissed the defendants' motion to dismiss for improper venue.

The defendants filed a timely motion for an interlocutory appeal in the trial court, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. On November 6, 2009, the trial court denied the motion for interlocutory appeal. The defendants then filed a motion for extraordinary appeal with the Court of Appeals, pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. On December 4, 2009, this court granted the Rule 10 motion, and stayed all proceedings in the trial court until resolution of the extraordinary appeal.

-2-

## II. LOCAL AND TRANSITORY ACTIONS

There is no dispute as to the facts that are relevant to this appeal. The only question before us is a question of law: what is the proper venue for the resolution of the plaintiffs' claims? Our standard of review is, therefore, *de novo*, with no presumption of correctness accorded to the trial court's conclusion. Tenn. R. App. P. 13(d); *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006); *Bowden v. Ward,* 27 S.W.3d 913, 916 (Tenn. 2000); *Myint v. Allstate Insurance Co.*, 970 S.W.2d 920, 924 (Tenn. 1998).

In its modern usage, the term "venue" refers to the county, district, subdivision or geographical area in which a case may be tried. "Venue" is not synonymous with "jurisdiction," which refers to the power or authority of the court to decide certain cases. Venue is the specific place where a court with jurisdiction may hear a complaint or other pleading. Proper venue is grounded in fairness or convenience to the litigants or "other commanding policy considerations." *See,* generally, 77 AM.JUR.2d Venue § 1.

An important distinction to be made for the purpose of determining proper venue is between causes of action that are deemed to be transitory and those that are deemed to be local. "A transitory action is based on a cause of action of a type that can arise anywhere." *Curtis v. Garrison*, 364 S.W.2d 933, 936 (Tenn. 1963); *Burger v. Parker*, 290 S.W. 22, 22 (Tenn. 1926). Some obvious examples of a transitory action would be a claim for a personal injury arising from a tort, or an action for recovery of personal property.

In contrast, a local action is based on a cause of action that can only arise in a particular locality, because "the subject of the action" (meaning that which has sustained the injury complained of) is local, "and cannot be injured at any other place." *Burger v. Parker*, 290 S.W. at 23. Local actions generally involve land. Examples include an action to quiet title to land, a trespass, or an injury to real estate. However, not every action that involves a specific tract of land is considered a local action. For example, in *Mattix v. Swepston,* 155 S.W. 928 (Tenn. 1913), a suit that arose from obstruction of an easement was determined to be a transitory action, because the damages complained of were to the plaintiff's timber business, not to the land itself nor to the plaintiff's title to that land.

Although concepts of venue had their origin in the common law, venue is today largely regulated by statute. *Pack v. Ross*, 288 S.W.3d 870, 872 (Tenn. Ct. App. 2008). Tennessee Code Annotated § 20-4-101(a) provides that "[i]n all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause or action arose or in the county where the defendant resides or is found." The expression "unless venue is otherwise expressly provided for" implicitly recognizes that parties can stipulate to a particular venue for resolution of transitory actions.

Such stipulations are routinely upheld by the courts unless other considerations, like fairness to the parties, preclude enforcement. For example, in a case involving construction of a Kentucky hospital, three Tennessee contractors and a New Jersey Insurance Company, our Supreme Court said that "courts of this state . . . should enforce such a [forum selection] clause unless the party opposing enforcement demonstrates that it would be unfair and inequitable to do so." *Dyersburg Machine Works v. Rentenbach Engineering Co.*, 650 S.W.2d 378, 380 (Tenn. 1983).

Other cases stating the same principle include *M/S Bremen v. Zapata Off-Shore Co*, 407 U.S. 1 (1972)(upholding international forum selection clause); *Carefree Vacations v. Brunner,* 615 F.2d 211 (D.C. Tenn. 1985) (forum selection clauses are *prima facie* valid under Tennessee law, and should be enforced unless party resisting application of the clause can clearly show that enforcement would be unreasonable and unjust); *Package Express Center v. Snyder Foods, Inc.* 788 S.W.2d 561 (Tenn. Ct. App. 1989) (dismissal of complaint for improper venue affirmed because of *forum non conveniens*); *ESI Companies v. Ray Bell Construction Co.*, No. W2007-00220-COA-R3-CV, 2008 WL 544563 (Tenn. Ct. App. Feb. 29, 2008)(no Tenn. R. App. P. 11 application filed) (subcontractor bound by forum selection clause in construction contract between general contractor and owner of prison facility).

Unlike a transitory action, a local action may only be brought in the county where the subject matter of the dispute is located. *State ex rel. Logan v. Graper*, 4 S.W.2d, 955, 956 (Tenn. 1927). Our Supreme Court has stated that, "[t]he Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction." *Curtis v. Garrison*, 364 S.W.2d at 936. Thus, when a party files a complaint for an action that is local in nature, venue for that action becomes jurisdictional. *Pack v. Ross*, 288 S.W.3d at 873; *Hawkins v. Tennessee Department of Corrections*, 127 S.W.3d 749, 753-754 (Tenn. Ct. App. 2002).

The plaintiffs in the present case argue that their action is a local action, analogizing it to *Hall v. Southall Bros.,* 240 S.W.298 (Tenn. 1921), and the more recent case of *Wylie v. Farmers Fertilizer & Seed Co.,* W2002-01227-COA-R9-CV, 2003 WL 21998408 (Tenn. Ct. App. Aug. 21, 2003) (no Tenn. R. App. P. 11 application filed). In *Hall,* our Supreme Court declared that the negligent destruction by fire of two barns on the plaintiffs' property was an injury to realty, which accordingly gave rise to a local action that could only be brought in Hickman County, where the plaintiffs' farm was located.

In the *Wylie* case, the action was for damage to the trees in the plaintiffs' orchard, caused by negligent spraying of herbicides on nearby crops. This court noted that the language of the complaint showed that the plaintiffs sought compensation for the damage to

the trees themselves, and that trees are considered real estate until they are severed from the land. *Wylie,* 2003 WL 21998408 at \*5 (citing *New River Lumber Company v. Blue Ridge Lumber Company*, 240 S.W. 763, 768 (Tenn. 1922)). Accordingly, this too was deemed to be a local action, which had to be brought in Gibson County, where the orchard was located.

In the present case, although the plaintiffs cited a variety of possible claims against the defendants in their complaint, they did not even mention injury to the land. Contrary to the language in the trial court's order, the plaintiffs did not suggest that the value of their land had declined because of the negligence of the defendant. They claimed, instead, that the injury they suffered as a result of the defendants' actions was the loss of earnings and profits, because the defendants' alleged negligence had prevented them from operating their dairy business in the way that they had anticipated.[1]

One significant difference between *Hall v. Southall Bros.* and the present case is that in *Hall*, the two barns were already affixed to the land, and their destruction was deemed to be an injury to realty because it presumably reduced the value of the property. In contrast, the alleged negligence in the present case involved faulty construction of new buildings on the plaintiffs' land. If we were to hold this to be a local action, it would effectively make all actions on construction contracts local, and it would render void any forum selection clause in a construction contract that designates venue in a county other than the one where the construction takes place.

Such a deviation from current well-established law would not only overturn settled precedent, it would contradict the statutory implication that contracts for improvement to real estate may include choice of venue provisions. Tennessee Code Annotated § 66-11-208 deals with the proper venue for some disputes over contracts for the improvement of real property. It reads,

---

[1]The plaintiffs' attorney asserted during oral argument that the defective construction did in fact reduce the value of the plaintiffs' small farm by making a significant portion of it unavailable for pasturage. However, no such assertion is included in the complaint. A party is bound by the content of its own pleadings. *Hendrix v. Yancey*, 355 S.W.2d 453, 457 (Tenn. Ct. App. 1960); *Gant v. Santa Clarita Laboratories*, No. M2005-01819-COA-R3-CV, 2007 WL 1048948 (Tenn. Ct. App. April 5, 2007) (no Tenn. R. App. P. 11 application filed). The plaintiffs' attorney also pointed out that in one paragraph of their complaint, the plaintiffs stated that "[t]he defendants caused to have a lien on the real property enforced for the alleged debt, which constituted an embarrassment of title for the Plaintiffs' land." An action involving title to land is typically a local action. *Wylie v. Farmers Fertilizer & Seed Co.,* 2003 WL 21998408 at \*4 (citing *Ducktown Sulphur v. Barnes,* 60 S.W. 593, 599 (Tenn. 1900)). However, the paragraph in the complaint immediately following the paragraph about embarrassment of title stated that the lien and the deed of trust had been released.

(a) Except as provided in subsection (b), a provision in any contract, subcontract or purchase order for the improvement of real property in this state is void and against public policy if it makes the contract, subcontract or purchase order subject to the substantive laws of another state or mandates that the exclusive forum for any litigation, arbitration or other dispute resolution process is located in another state.

(b) The prohibition of subsection (a) shall not apply to any contract, subcontract or purchase order for the improvement of real property which is located partially in Tennessee and partially in another state or states. Venue in a dispute over such contract may be in any state in which part of the property is located.

The plaintiffs argue that in the present case we must disregard Tenn. Code Ann. § 66-11-208, because that statute was enacted for the sole purpose of preventing the use of forum selection clauses that might bring disputes involving real property in Tennessee before the courts of other states, while the two forums involved in this case are both in Tennessee. We find it significant, however, that the statute involves venue and that it refers specifically to contracts for the improvement of real estate. We believe that its language implicates a familiar canon of both contractual and statutory construction: *expressio unius est exclusio alterius*.

That canon means that to mention one thing in a contract or a statute is to exclude others things of the same kind which are not mentioned. *In re Estate of Davis,* 308 S.W.3d 832, 841 (Tenn. 2010); *Overstreet v. TRW Commercial Steering Div.*, 256 S.W.3d 626, 633 (Tenn. 2008); *D & E Construction Co. v. Robert J. Denley Co.*, 38 S.W.3d 513, 519 (Tenn. 2001). In accordance with the canon's dictates, we may legitimately infer that by rendering void only those venue selection provisions which send litigation involving contracts for the improvement of real property in this state to forums in other states, our legislature was implicitly recognizing the presumptive validity of venue selection clauses in those construction contracts that provide for venue in a particular forum in this state.

As we noted above, the parties' construction contract stated that venue for any litigation involving the contract would lie in the Circuit or Chancery Court for McMinn County. The plaintiffs brought suit in Giles County and asserted five claims in their complaint: breach of contract, negligence, civil fraud, intentional infliction of emotional distress and violation of the Consumer Protection Act. All of these are claims of a type that could arise anywhere. Thus, the action is transitory in nature and the trial court erred in ruling that the venue selection clause in the construction contract could not be enforced. We accordingly reverse the order of the trial court.

### III. TRANSFER

In light of our ruling, we could simply grant the defendants' motion to dismiss the complaint, thereby obligating the plaintiffs to re-file their complaint in McMinn County if they wish to continue this litigation. We believe, however, that in the interests of justice and of judicial economy it is more appropriate to direct the trial court to exercise the powers granted to it by Tenn. Code Ann. § 16-1-116. That statute reads, in relevant part,

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, . . . is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

We accordingly direct the trial court on remand to transfer this case to an appropriate court in McMinn County.

### IV.

The order of the trial court is reversed. We remand this case to the Circuit Court of Giles County for further proceedings. Tax the costs on appeal to the appellees, Theo Kampert and Ruth Kampert and Kampert Dairy, LLC.

_____
PATRICIA J. COTTRELL, JUDGE