IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 25, 2010 Session

## PATSY FREEMAN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN R. FREEMAN, DECEASED v. CSX TRANSPORTATION, INC., A FLORIDA CORPORATION, ET AL.

Appeal from the Circuit Court for Rutherford County
No. 49982      J. Mark Rogers, Judge

No. M2009-02403-COA-R3-CV - Filed November 3, 2010

PATRICIA J. COTTRELL, P.J., M.S., dissenting.

I must respectfully dissent from the majority opinion's conclusion that Rutherford County was an appropriate venue for this action and, consequently, that the Rutherford County court had subject matter jurisdiction. In particular, I disagree with the majority's statement that "unless the plaintiff and at least one 'material defendant' reside in the same county and that county is where the cause of action accrued" the common county rule does not apply. Essentially, the majority holds that the venue statute does not apply, a conclusion that I believe is erroneous.

The majority opinion thoroughly discusses the basic principles applicable to questions of venue as jurisdictional. *See also Pack v. Ross*, 288 S.W.3d 870 (Tenn. Ct. App. 2008). Essentially, the legislature has localized otherwise transitory actions through enactment of Tenn. Code Ann. § 20-4-101. Where venue is localized, it is jurisdictional, and where jurisdiction is missing, all orders of the court are void.

In this case, the plaintiff and one material defendant (CSX) resided in Coffee County. According to Tenn. Code Ann. § 20-4-101(b) and the cases dealing with the rule as applied to several defendants who do not all reside in one county, those facts to require that the lawsuit be brought **either** in Coffee County **or** in Bedford County, the county where the cause of action arose.

The statute provides that if "the plaintiff and defendant both reside in the same county in this state, then the action **shall** be brought **either** in the county where the cause of action arose **or** in the county of their residence." Tenn. Code Ann. § 20-4-101(b). Decisional law has addressed the situation where there is more than one defendant and not all the defendants

live in the same county, since the statute itself does not specifically address it. Our courts have determined that, for the purpose of establishing a common county of residence for application of the venue statute, a defendant need only be a "material" defendant. Herein, no one argues that CSX is not a material defendant. Therefore, venue under the statute would be proper in either the common county of residence, Coffee County, or the county where the cause of action arose, Bedford County. Rutherford County is not an available venue, and the court of that county lacked subject matter jurisdiction.

In *Tims v. Carter*, a case relied upon by the majority, the plaintiff and at least one of the material defendants lived in the county where the cause of action arose. In that situation, the action must be brought in that county. *See Mays v. Henderson*, 1992 WL 117058 (Tenn. Ct. App. June 3, 1992) (explaining *Tims* as holding that a suit involving a transitory action must be filed in the county where the cause of action arose **if** the plaintiff and at least one material defendant resides there). *See also Bing v. Baptist Memorial Hospital-Union City*, 937 S.W.2d 922, 924 (Tenn. Ct. App. 1996) (describing *Tims* as addressing the situation where one of the defendants and the plaintiff reside in the same county where the cause of action arose).

Because in the case before us neither the plaintiff nor any defendant resides in Bedford County, the county where the accident happened, the holding in *Tims* does not apply. That does not mean, however, that the statute localizing the action does not apply, which appears to be the position of the majority. The clear language of Tenn. Code Ann. § 20-4-101(b) requires that this lawsuit be brought either in the county of common residence of the plaintiff and one material defendant or in the county where the cause of action arose. Rutherford County is neither of those.

Accordingly, I would hold that the Rutherford County court did not have subject matter jurisdiction. This conclusion would lead to the conclusion that the order assessing statutory discretionary costs is void.

 

 

_____
PATRICIA J. COTTRELL, PRESIDING
JUDGE, M.S.