# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 26, 2011 Session

## DARRYL SUGGS AS ADMINISTRATOR OF THE ESTATE OF BILLY RAY SUGGS v. GALLAWAY HEALTH CARE CENTER, ET AL.

### Direct Appeal from the Circuit Court for Fayette County
### No. 4757      J. Weber McCraw, Judge

### No. W2010-01116-COA-R3-CV - Filed April 18, 2011

This appeal arises out of a complaint filed against various healthcare providers. Before the trial court, Plaintiff filed a motion to consolidate this case with an identical lawsuit he had filed against the same defendants in another county. The motion to consolidate was denied. The trial court later dismissed the Plaintiff's claim against one of the defendant physicians for improper venue, and the other defendants were dismissed for various reasons not relevant to this appeal. Plaintiff appeals the dismissal of his claim against the physician for improper venue, and he argues that the trial court erred in denying his motion to consolidate. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

A. Wilson Wages, Millington, Tennessee, for the appellant, Darryl Suggs

Kevin Baskette, Memphis, Tennessee, for the appellee, Mukesh Jain, M.D.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

This case began with the filing of a complaint in Fayette County Circuit Court by Darryl Suggs, as Administrator of the Estate of Billy Ray Suggs, deceased. Plaintiff Darryl Suggs named as defendants two nursing homes, one hospital, two medical doctors, and three "Jane Doe" defendants, who were nurses or other healthcare providers at the defendant facilities. According to Plaintiff's complaint, the Decedent, Billy Ray Suggs, had initially been admitted to a defendant nursing home located in Shelby County, then he was transferred to the defendant hospital, also in Shelby County, and finally, he was transferred to the other defendant nursing home, located in Fayette County. He alleged that the Decedent received improper care at each of these facilities.

On the same day that Plaintiff filed this action in Fayette County Circuit Court, he filed a virtually identical complaint in Shelby County Circuit Court against the same defendants.[1] In the Fayette County suit, Plaintiff filed a "Motion for Consolidation," requesting that the court enter "an Order, pursuant to Rule 42.01, consolidating Fayette County Circuit Court Civil Action No. 4757 with Shelby County Circuit Court Civil Action No. Ct-000179-06, Div. V[.]" Plaintiff claimed that he had filed lawsuits in both counties against the same defendants "to protect Plaintiff's rights." The trial court denied Plaintiff's motion for consolidation.

All of the defendants were eventually dismissed from the Fayette County lawsuit for various reasons by various orders. However, Plaintiff appealed only from the trial court's order granting a dismissal as to one of the defendants: Dr. Mukesh Jain. Plaintiff's claim against Dr. Jain was dismissed for improper venue.

Dr. Jain is a resident of Shelby County, and he is the medical director of the defendant nursing home that is located in Shelby County. Dr. Jain allegedly cared for the Decedent during his stay at the nursing home in Shelby County. According to the complaint, Plaintiff Darryl Suggs, the Administrator of the Decedent's estate, is a resident of Shelby County. In addition, the complaint states that the Decedent "was at all times relevant herein, a resident of Shelby County[.]" The Fayette County Circuit Court granted Dr. Jain's motion to dismiss for improper venue upon concluding that "Shelby County is the only proper venue for the action against [Dr. Jain]" pursuant to Tennessee Code Annotated section 20-4-101(b).

---

[1] This appeal arises out of the Fayette County proceedings, and the record before us is limited to that produced in the Fayette County case.

## II. ISSUES PRESENTED

Plaintiff presents the following issues, slightly restated, for review:

1.   Whether the trial court erred in denying Plaintiff's motion to consolidate; and
2.   Whether the trial court erred in granting Dr. Jain's motion to dismiss for improper venue.

For the following reasons, we affirm the decision of the circuit court.

## III. STANDARD OF REVIEW

We review a trial court's conclusions of law under a *de novo* standard upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. DISCUSSION

### A.   Plaintiff's Motion to Consolidate

On appeal, Plaintiff argues that the trial court erred in denying his "Motion for Consolidation," in which he requested that the court enter "an Order, pursuant to Rule 42.01, consolidating Fayette County Circuit Court Civil Action No. 4757 with Shelby County Circuit Court Civil Action No. Ct-000179-06, Div. V[.]" Tennessee Rule of Civil Procedure 42.01 provides:

> When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated or heard jointly, and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Consolidation of separate actions under Tenn. R. Civ. P. 42.01 does not create one action or make those who are parties in one suit parties in the other. Consolidation simply allows a single trial of common issues and permits joint discovery for purposes of judicial economy." *McMillin v. Cracker Barrel Old Country Store, Inc.*, No. E2008-00342-COA-R3-CV, 2009 WL 749214, at *3 (Tenn. Ct. App. Mar. 23, 2009) (citing *City of Johnsonville v. Handley*, No. M2003-00549-COA-R3-CV, 2005 WL 1981810 at *9 (Tenn. Ct. App. Aug. 16, 2005), *Webb v. Poynter*, No. 02A01-9707-CV-00168, 1999 WL 145257 at *4 (Tenn. Ct. App. Mar. 18, 1999); Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* §

6-12(b) (1999); Tenn. R. Civ. P. 42.01).

"By its own terms, T.R.C.P. 42.01 requires both actions to be pending before the court ordering consolidation." *Quarry v. Quarry*, No. 02A01-9111-CH-00262, 1992 WL 141796, at *7 (Tenn. Ct. App. W.S. Jun. 25, 1992); *see* Tenn. R. Civ. P. 42.01 ("When actions involving a common question of law or fact are pending before *a court* . . . .) (emphasis added). In *Quarry*, this Court considered whether it was proper for a chancery court to enter an order consolidating the case before it with a case pending in general sessions court. *Id.* We vacated the trial court's order consolidating the two cases, stating, "our research has revealed no cases involving the consolidation of actions pending before different courts." *Id.* Similarly, in *Van Zandt v. Dance*, 827 S.W.2d 785, 786 (Tenn. Ct. App. 1991), this Court explained that a judge had no authority to consolidate a case pending before him with one pending in another court. The judge only had jurisdiction over the case before him. *Id.*

Keeping these principles in mind, we find that the trial judge did not err in denying Plaintiff's motion to consolidate the Shelby County suit with the Fayette County action.

### B. Dismissal for Improper Venue

"Tennessee's venue rules are largely statutory and are intended to provide the criteria for determining where a lawsuit may or should be filed." *Mays v. Henderson*, No. 01-A-019103-CV-00115, 1992 WL 117058, at *2 (Tenn. Ct. App. M.S. Jun. 3, 1992) (citing *Metro. Dev. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982)). "They provide a defendant a personal privilege to be sued in the particular county or counties designated by statute." *Id.* (citing *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *Corby v. Matthews*, 541 S.W.2d 789, 791 (Tenn. 1976)). When venue is possible in only one county, the localization of venue creates subject matter jurisdiction restrictions. *Pack v. Ross*, 288 S.W.3d 870, 873 (Tenn. Ct. App. 2008). "'[T]he Courts of our State have no jurisdiction of local actions brought in the wrong county[.]'" *Id.* (quoting *Curtis v. Garrison*, 364 S.W.2d 933, 936 (Tenn. 1963)).

Tennessee Code Annotated section 20-4-101 addresses transitory actions[2] and provides, in relevant part:

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the

---

[2] "A transitory cause of action is one that could have occurred anywhere." *Mays*, 1992 WL 117058, at *2 n.1 (citing *Curtis*, 364 S.W.2d at 934). Thus, a personal injury action is considered a transitory cause of action. *Id.*

cause of action arose or in the county where the defendant resides or is found.

> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence.

Thus, pursuant to subsection (b), "Tennessee's common county rule limits venue in transitory actions *if* 'the plaintiff and defendant both reside in the same county in this state.'"[3] *Freeman v. CSX Transp., Inc.*, No. M2009-02403-COA-R3-CV, 2010 WL 4366080, at *3 (Tenn. Ct. App. Nov. 3, 2010) (quoting Tenn. Code Ann. § 20-4-101(b)). "If that is the case, then 'the action shall be brought either in the county where the cause of action arose or in the county of their residence.'" *Id.* (quoting Tenn. Code Ann. § 20-4-101(b)). The language of subsection (b) is mandatory. *Mills v. Wong*, 39 S.W.3d 188, 190 (Tenn. Ct. App. 2000).

Here, the complaint states that Plaintiff Darryl Suggs, the Administrator of the Decedent's estate, is a resident of Shelby County.[4] Dr. Jain, who is a material defendant, is also a resident of Shelby County. Because "the plaintiff and defendant both reside in the same county in this state, . . . the action shall be brought either in the county where the cause of action arose or in the county of their residence." Tenn. Code Ann. § 20-4-101(b). The cause of action against Dr. Jain arises out of medical treatment provided in Shelby County. Consequently, Tennessee Code Annotated section 20-4-101(b) localizes venue in only one county: Shelby County. *See Pack*, 288 S.W.3d at 873. Thus, we affirm the trial court's conclusion that venue for this action did not lie in Fayette County, and the claim against Dr. Jain was properly dismissed.[5]

---

[3] Although subsection (b) does not expressly address situations involving multiple parties, "'our Supreme Court has applied it in cases where the plaintiff and one of several defendants reside in the same county and the cause of action arose there.'" *Freeman*, 2010 WL 4366080, at *4 (quoting *Winters v. Healthtrust, Inc.*, 836 S.W.2d 584, 585 (Tenn. Ct. App. 1992)). Thus, the common county rule applies "in cases involving multiple defendants *if* the plaintiff and at least one material defendant reside in the same county *and* that county is where the cause of action accrued." *Id.* (citing *Tims v. Carter*, 241 S.W.2d 501, 503 (Tenn. 1951); *Ward v. Nat'l Healthcare Corp.*, No. M2007-00231-COA-R9-CV, 2007 WL 3446340, at *2 (Tenn. Ct. App. Nov. 15, 2007); *Winters*, 836 S.W.2d at 585).

[4] The complaint also stated that the Decedent was at all times relevant a resident of Shelby County. However, "[r]esidence, as a venue influencing criterion, refers not to [one's] residence when the cause of action occurs but rather to [one's] residence when the plaintiff files suit." *Mays*, 1992 WL 117058, at *2 (citing *Northcott v. Holloway*, 464 S.W.2d 551, 553 (Tenn. 1971)).

[5] We note that Plaintiff did not argue before the trial court or on appeal that transfer was proper pursuant to Tennessee Code Annotated section 16-1-116. Transfers under this statute are discretionary,
(continued...)

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court. The court did not err in denying Plaintiff's motion to consolidate. In addition, because the plaintiff and a material defendant, Dr. Jain, reside in Shelby County, and the cause of action arose in Shelby County, it is mandatory that the action be maintained in a court of competent jurisdiction in Shelby County. Costs of this appeal are taxed to the appellant, Darryl Suggs, Administrator of the Estate of Billy Ray Suggs, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[5](...continued)
*Pack,* 288 S.W.3d at 874, and we will not find the trial court in error for failing to grant a motion that was never made.