Tims *et al. v.* Carter *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed June 16, 1951.

J. L. Harrington and David Murray, both of Jackson, and K. Harlan Dodson, Jr., and Walker & Hooker, all of Nashville, for plaintiffs.

Moss & Benton, of Jackson, and J. G. Stephenson and J. G. Lackey, Jr., both of Nashville, for defendants.

Mr. Justice Burnett delivered the opinion of the Court.

The question presented for determination is one of venue. The suit was filed by the plaintiffs in error, A. C. Tims and wife, Gracie Tims, in the Circuit Court of Davidson County for damages for the death of their minor son arising out of an accident in Madison County, Tennessee. The plaintiffs in error, plaintiffs below, were both residents of Madison County, Tennessee. The defendant, Johnie R. Carter, who was driving the car which killed the plaintiffs' intestate, was a resident of Gibson County, Tennessee, but service was had on him in Davidson County, Tennessee. The defendants below, defendants in error here, were residents of Madison County, Tennes-

see. That is, the individual defendant was a resident of Madison County while the corporate defendant had an agent in that County for service of process.

The original summons was served on the defendant, Carter, Davidson County, Tennessee, and counterpart summons was issued to Shelby County and there served on the corporate defendant and to Madison County where it was served on the individual defendant.

The defendants, Stein and Malco Theatres, Inc., filed a plea in abatement upon several grounds, the only ones necessary for consideration here being that the accident occurred in Madison County and that the plaintiffs were residents of Madison County, that the defendant, Stein, was a resident of Madison County, Tennessee and that the defendant, Malco Theatres, Inc., was subject to service in Madison County. To this plea in abatement a special demurrer was filed challenging the effect in law of this portion of the plea in abatement insofar as the same challenged the jurisdiction of the court in Davidson County, or the venue of the action, based upon the residences of the parties.

The trial court was of the opinion that the demurrer to this portion of the plea in abatement was not good. The facts set forth in the plea in abatement were admittedly true. The plaintiffs, the plaintiffs in error here, elected to rely upon their demurrer rather than plead over to other portions of the plea in abatement. The trial court dismissed the suit upon the ground that the Circuit Court of Davidson County, Tennessee, did not have venue due to the residences of the parties.

The obvious question involved is whether in view of Code Sections 8640, 8641 and 8751(4) when considered with Code Section 8653, the counterpart summons statute,

apply to cases where one defendant resides in the same County as the plaintiff, but another defendant does not.

Code Section 8640 provides that:

"In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided."

Section 8641 provides:

"If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence."

Section 8751(4) provides:

"Actions may be abated by plea of the defendant in the following cases: Where the plaintiff and defendant both reside, at the time suit is brought, in the same county, and the action is instituted in another county."

By the pleadings it is admitted that the cause of action arose out of an accident which occurred in Madison County, and that both plaintiffs are residents of Madison County. It is further shown that the defendant, Carter, who was a resident of Gibson County and that the other defendants (defendants in error here) were either residents of, or subject to process in Madison County.

■■■ An action of the kind cannot be brought in any county at the mere election of the plaintiff. Admittedly the suit here is a transitory action, that is, such a cause of action as may have been inflicted anywhere. The Code Sections above quoted regulate where the plaintiff may bring such an action. In considering the venue of such actions it is necessary for us to consider together Code Sections 8640 and 8641. The first of these Sections provides that such an action may be brought where the defendant is found "unless otherwise expressly provided." The following Section provides that if the plaintiff and

the defendant live in the same county the action must be in the county of their residence. It is thus evident that the intention of the Legislature was to provide that when both parties, plaintiff and defendant, lived in the same county that the action should be brought in that county for obvious and often expressed reasons. Code Section 8640 is only to be considered when both the plaintiff and the defendant do not live in the same county and under such circumstances the defendant may be sued in any county in which he is found.

In commenting on Code Section 8641 the author of Caruthers History of a Lawsuit, Gilreath, says:

" And thus interpreted it is a just rule, for it would be most unjust to permit the plaintiff in a simple action of debt or other such action, although the venue may be wherever the defendant may be found, to catch his neighbor away from home, and the home of his witnesses, and surprise him with a suit which, however able he may be to resist at home, he is wholly unable to do so among strangers. Such oppressive use as this would be of the process of courts is prevented by Section 8641, and it is believed this was all it was intended to do.''

In *Haynes* v. *Woods,* 151 Tenn. 163, 268 S. W. 632, 633, this Court, after saying that at the common law the venue is every action was fixed at the locality where the facts arose, went on to show how this common law rule grew into our present Statutes, Code Sections 8640 and 8641. It was there said by this Court:

"These provisions evince a legislative purpose to localize transitory actions. If both parties reside in the county the action must be brought there and tried in courts convenient to litigants and witnesses. Otherwise the action follows the defendant.''

This Court later, in *Carter* v. *Schackne,* 173 Tenn. 44, 114 S. W. 2d 787, followed the same line of reasoning. The Court in this case had before it a suit where the plaintiff, a resident of Davidson County had sued a non-resident of the State, with process served on the Secretary of State, and in which residents of Sumner County were brought in by a counterpart summons. The Court said that in view of Code Section 8641 since the plaintiff and the non-resident defendant, for venue purposes, were residents of Davidson County then that Code Section 8641 governed.

A somewhat similar theory and application of the law was applied by this Court in *Thomas* v. *Altsheler,* 235 S. W. 2d 806.

██ We, therefore, conclude that where the plaintiff and a material defendant or defendants reside in the same county, this county being the county where the cause of action accrued, that then the county of the residences of these parties should be the county of action for venue purposes. Under such circumstances when there are any residents of the State who live in another county and are proper defendants they may be brought into the county of residence of the plaintiff and the defendants by counterpart summons for purpose of suit. For obvious reasons, many of which have hereinbefore been stated, this is the fair and just thing to do. To us it likewise seems that this interpretation is a proper interpretation to be put on the statutes regulating venue hereinbefore quoted. For these reasons the judgment of the trial court will be affirmed and the costs of the cause taxed to the plaintiffs in error.

All concur.