JAMES EDGAR NORTHCOTT and wife, LELLA RUTH
NORTHCOTT, Appellants,

*v.*

JESS CALVIN HOLLOWAY, ELMER L. COCHRAN, JR., ELMER
L. COCHRAN, SR., individually and d/b/a Cochran
Trucking, Inc., Ideal Baking Company, Inc., and
Ideal Distributing Company, Appellees.

464 S.W.2d 551.

(*Jackson*, April Term, 1970.)

Opinion filed February 16, 1971.

DWIGHT HAWKS, Humboldt, JOHN F. KIZER, Milan, for
appellants.

FRANKLIN MURCHISON, Jackson, for Elmer L. Cochran, Sr., Ideal Baking Co., Inc., and Ideal Distributing Co.

SPRAGINS, MENZIES & RAINEY, Jackson, for Jess Calvin Holloway and Elmer L. Cochran, Jr.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court from the action of the trial judge sustaining a plea in abatement and dismissing the action. In this opinion James Edgar Northcott and wife, Lella Ruth Northcott, will be referred to as plaintiffs, and Jess Calvin Holloway, Elmer L. Cochran, Jr., Elmer L. Cochran, Sr., individually and dba Cochran Trucking, Inc., Ideal Baking Company, Inc. and Ideal Distributing Company, as defendants.

On August 23, 1969, plaintiffs, residents of Madison County, Tennessee, suffered injuries and damages in a vehicle collision on the highways of Madison County, Tennessee, involving a vehicle owned and used by defendants, all non-residents of Tennessee. Later plaintiffs moved and established residence in Gibson County, Ten-

nessee. On March 13, 1970, plaintiffs, while residents of Gibson County, Tennessee, filed suit in Madison County, Tennessee, against defendants, non-residents of Tennessee, seeking recovery for the injuries and damages sustained in the automobile collision of August 23, 1969, in Madison County, Tennessee. Service of process was had on defendants through the Secretary of State by virtue of T.C.A. sec. 20-224.

Defendants filed a plea in abatement, the second paragraph of which is as follows:

That these defendants are now and have always been non-residents of the State of Tennessee; that at the time of the filing of this action the plaintiffs were residents of the State of Tennessee but not residents of Madison County; and that the venue and jurisdiction for the action is not in Madison County, Tennessee.

Since service of process was obtained on defendants as non-residents of Tennessee under authority of T.C.A. sec. 20-224, then for venue purposes defendants are treated as residents of that county in which plaintiff resides and this statute (20-224) as to venue is construed in pari materia with our general statutes regulating venue in civil actions. *Carroll v. Matthews,* 172 Tenn. 590, 113 S.W.2d 742 (1938); *Carter v. Schackne,* 173 Tenn. 44, 114 S.W.2d 787 (1938).

The decision here will require construction of T.C.A. sec. 20-401 as applied to these facts. This statute reads as follows:

In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided. *If the plaintiff and defendant both reside*

*in the same county in this state, such action shall be brought in the county of their residence.* (Emphasis supplied).

Since, under the facts of this case for venue purposes, the residence of both parties is determined by the residence of the plaintiffs, then the italicized language of T.C.A. sec. 20-401 is applicable, which language restricts venue to that county of plaintiff's residence. *Curtis v. Garrison,* 211 Tenn. 339, 364 S.W.2d 933 (1963).

The decision here requires us to determine if venue is fixed by the residence of plaintiffs at the time of the collision on August 23, 1969, or at the time of filing suit on March 13, 1970.

We have not been cited, nor have we found any previous decision on the point in issue. However, defendants, supporting their position that the time of filing controls, take comfort from the following language in *Curtis v. Garrison,* supra:

Finally, we interpret this statute (20-401) to mean that so long as the plaintiff and the defendant continue to reside in the same county, then the subject matter is localized to the county of their residence and the Court of that county is the only Court having jurisdiction to entertain the action or make an award through the remedies provided by law.

In *Curtis v. Garrison,* supra, the plaintiff and defendant resided in the same county, both at the time of the occurrence of the events giving rise to the action, and at the time of filing suit. This case is not authority to support a decision either way on the issue in the case at

bar. Though we agree, the language of this opinion copied above does give some comfort, if not support to defendants' position, such language was used without consideration (such not being necessary) to the issue in the case at bar.

 After consideration, based largely upon a literal reading of the statute, we think the residence of the plaintiff and defendant as used in this statute refers to their residence at the time the suit is brought.

This holding is in conformity with the language of T.C.A. sec. 20-903, which statute sets out grounds for abatement of suits; the fourth ground pertinent to this issue being as follows:

Where the plaintiff and defendant both reside, at the time suit is brought, in the same county, and the action is instituted in another county.

Under the above copied language of T.C.A. sec. 20-903(4), a suit could be abated if brought in a county other than the county of the residence of the parties where both parties resided in the same county at the time suit was brought; and this would be true regardless of the residence of either of the parties when the events occurred giving rise to the action.

In 92 C.J.S. Venue sec. 111, the following statement is made:

Residence within the meaning of venue statutes means residence at the time the suit is instituted.

The above statement from C.J.S. is supported by the following cases: *Lewallen v. Rogers*, 100 Ga.App. 267, 110 S.E.2d 596 (1959); *DesJardin v. Lynn*, 6 Mich.App.

439, 149 N.W.2d 228 (1967); and *Gates v. Stucco Corporation,* 112 So.2d 36 (Fla.App.1959).

The judgment of the lower court is affirmed.

CHATTIN, CRESON, and McCANLESS, JUSTICES, and ADAMS, SPECIAL JUSTICE, concur.