**Marjorie Hope BING and husband, William Bing, Plaintiffs/Appellants,**

v.

**BAPTIST MEMORIAL HOSPITAL— UNION CITY, Defendant/Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

July 3, 1996.

Application for Permission to Appeal Denied by Supreme Court Oct. 28, 1996.

---

missed their suit against Baptist. After plaintiffs refiled their action against defendant Baptist in Shelby County, the trial court granted Baptist's motion to dismiss on the grounds of improper venue. The sole issue presented on appeal is whether the trial court was in error in granting the Baptist's motion to dismiss. For the reasons hereinafter stated, we find no error and affirm.

The facts are undisputed. On September 15, 1990, plaintiff Marjorie Bing was treated in the emergency room at Baptist Memorial Hospital—Union City by Dr. Thomas Hodgkiss for an injury to her left arm. Dr. Hodgkiss allegedly misdiagnosed a compound fracture to her arm, which resulted in an infection and other complications. As a result of the alleged malpractice, Mrs. Bing had several subsequent surgeries and hospitalizations.

On September 11, 1991, plaintiffs, residents of Obion County, filed a complaint in the Shelby County Circuit Court against Dr. Thomas Hodgkiss and Pri–Med, Inc., Dr. Hodgkiss' employer, both residents of Shelby County, and Baptist Memorial Hospital—Union. City, a duly licensed hospital with its principal place of business in Obion County. Baptist filed a motion to dismiss for improper venue along with its answer. On September 22, 1992, plaintiffs took a voluntary dismissal without prejudice as to Baptist.

Plaintiffs then filed an amended complaint against Baptist in the Circuit Court of Shelby County on August 3, 1993. Baptist again filed a motion to dismiss for improper venue. The trial court entered an order of dismissal as to defendant Baptist on November 2, 1993.

On October 25, 1993, plaintiffs again filed a complaint against Baptist in the Circuit Court of Obion County. This complaint was filed more than one year after the voluntary dismissal of the first complaint against Baptist and more than three years after the date of the alleged negligence by Dr. Hodgkiss. Baptist responded by filing a motion for summary judgment based on the one-year statute of limitations and based upon the three-year statute of repose for medical malpractice actions. This motion for summary judgment was granted on September 19, 1994.

T. Robert Hill and Randall J. Phillips, Hill Boren, P.C., Jackson, William B. Raiford, III, Merkel & Cocke, Clarksdale, Mississippi, for Plaintiffs/Appellants.

James L. Kirby and James R. Garts, Jr., Harris, Shelton, Dunlap and Cobb, L.L.P.C., Memphis, for Defendant/Appellant.

TOMLIN, Senior Judge.

In this medical malpractice case, Marjorie Hope Bing and William Bing ("plaintiffs"), residents of Obion County, filed suit in the Circuit Court of Shelby County against Dr. Thomas Hodgkiss, Pri–Med, Inc., and Baptist Memorial Hospital—Union City ("defendants" or by name) seeking damages for injuries Marjorie Bing sustained while being treated by Dr. Hodgkiss at Baptist. After defendant Baptist filed a motion to dismiss for improper venue, plaintiffs voluntarily dis-

Plaintiffs timely filed their notice of appeal from the action of the Obion County Circuit Court.

In addition, plaintiffs by motion caused the order of the Shelby County Circuit Court dismissing their amended complaint against Baptist to be made a final judgment, which plaintiffs now appeal.

Before addressing the principal issue raised by this appeal, we are constrained to note that plaintiffs have not raised as an issue on appeal the action of the Circuit Court of Obion County in granting Baptist's motion for summary judgment based on the running of the one-year statute of limitations and the three-year statute of repose for medical malpractice actions. We therefore treat any issue pertaining to the Obion County action as having been waived. T.R.A.P. 13(b); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn.App.1988).

In transitory actions venue is governed by T.C.A. § 20–4–101 (1994), which states in pertinent part as follows:

> 20–4–101. *Transitory actions.*—(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.
>
> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.
>
> (c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action, and it shall not be necessary nor required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

As can be seen, subsection (b) above clearly localizes the venue for the cause of action where plaintiff and defendant both reside in the same county in this state. Plaintiff must bring his or her suit in the county where the cause of action arose or in the county where both parties reside. Our supreme court in the case of *Tims v. Carter*, 192 Tenn. 386, 241 S.W.2d 501 (1951) specifically addressed the question of proper venue in a case with multiple defendants, where one or more defendants reside in a different county, but where one of the defendants and the plaintiff reside in the same county where the cause of action arose.

In *Tims*, an automobile accident occurred in Madison County. The plaintiffs were residents of Madison County as were one of the individual defendants. The corporate defendant had an agent for service of process in Madison County. Plaintiff filed suit in Davidson County where another individual defendant resided. The Madison County defendants challenged the venue of the action in Davidson County.

In affirming the dismissal of the suit by the trial court on the ground that that court did not have venue, our supreme court ruled that the code section allowing a transitory action to be brought wherever the defendant can be served applied only when the plaintiff and defendant do not live in the same county. The court concluded by stating as follows:

> We, therefore, conclude that where the plaintiff and a material defendant or defendants reside in the same county, this county being the county where the cause of action accrued, that then the county of the residences of these parties should be the county of action for venue purposes. Under such circumstances when there are any residents of the State who live in another county and are proper defendants they may be brought into the county of residence of the plaintiff and the defendants by counterpart summons for purpose of suit. For obvious reasons, many of which have hereinbefore been stated, this is the fair and just thing to do. To us it likewise seems that this interpretation is a proper interpretation to be put on the statutes regulating venue hereinbefore quoted.

*Tims*, 241 S.W.2d at 503 (emphasis added).

■ In the case before us, plaintiff's cause of action arose in Obion County. Plaintiffs

and Baptist are residents of Obion County. The two Shelby County defendants were involved with the incident in Obion County. Therefore, under the existing law of this state, proper venue for a suit against Baptist is Obion County. *See Winters v. Healthtrust, Inc.,* 836 S.W.2d 584, 585–86 (Tenn. App.1992); *Mays v. Henderson,* No. 01–A–019103–CV–00115, 1992 WL 117058, at *3 (Tenn.App.1992).

■ Although plaintiffs are not oblivious to the applicability of *Tims* in this case, plaintiffs contend that our supreme court's decision in *Tims* and its progeny should overturned by this court. Even if this court were inclined to do so, which we are not, supreme court precedent prohibits such action by this court. In *Barger v. Brock,* 535 S.W.2d 337, 341 (Tenn.1976), our supreme court stated as follows:

> It is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process. There would be no finality or stability in the law and the court system would be chaotic in its operation and unstable and inconsistent in its decisions.

The judgments of the Shelby County Circuit Court and Obion County Circuit Court are therefore affirmed. Costs in this cause on appeal are taxed to plaintiffs, for which execution may issue if necessary.

HIGHERS and LILLARD, JJ., concur.