IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 2000 Session

# FRANK FETZER MILLS, JR., ET AL. v. LUIS L. WONG, M.D.

**Interlocutory Appeal from the Circuit Court for Shelby County**
**No. 300304 T.D.; The Honorable Robert A. Lanier, Judge**

---

**No. W1999-00665-COA-R9-CV - Filed September 15, 2000**

---

This appeal presents a dispute over proper venue arising out of a medical malpractice suit against multiple defendants. The Shelby County Circuit Court denied the Defendant's motion to dismiss for improper venue. The case is before this court on an interlocutory appeal.

**Tenn. R. App. P. 9; Interlocutory Appeal; Judgment of the Circuit Court Reversed and Dismissed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and FARMER, J., joined.

DeWitt M. Shy, Jr., Wendy Coven Feild, Memphis, for Appellant

Richard J. Myers, Memphis, for Appellees

## OPINION

Luis D. Wong appeals from the trial court's denial of his motion to dismiss for improper venue. For the reasons stated herein, we reverse the trial court decision.

### Facts and Procedural History

Frank Fetzer Mills, Jr. and Rebecca Smith Mills ("Appellees") are husband and wife and reside in Lauderdale County, Tennessee. Luis D. Wong ("Appellant") is a physician who also resides in Lauderdale County.

The Appellees filed a medical malpractice complaint against the Appellant arising out of two separate visits by Mr. Mills to the Appellant's office in Lauderdale County.[1] As part of the same suit, the Appellees sued four other individuals and three facilities, alleging that each Defendant was guilty of separate acts of medical malpractice.[2] The complaint alleges that all Defendants other than Wong reside or have their principal places of business in Shelby County, Tennessee. The Appellees also allege that all causes of action, except that against Wong, arose in Shelby County.

The Appellees filed their complaint against the Appellant and the other Defendants in Shelby County Circuit Court. The Appellant filed a motion to dismiss for improper venue, arguing that Tenn. Code Ann. § 20-4-101(b) required that the action against him be brought in Lauderdale County. The trial court denied the Appellant's motion to dismiss by order dated June 23, 1999. The Appellant then filed a motion and memorandum for permission for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court granted the motion for interlocutory appeal, and this court granted a similar motion on November 12, 1999.

## Law and Analysis

As an initial matter, we note that if the complaint had named only the Appellant as a Defendant, the proper venue would be in Lauderdale County as it is clearly a "localized" action. <u>See</u> Tenn.Code Ann. § 20-4-101(b). However, this case presents a scenario in which multiple defendants residing in or having their principal places of business in multiple counties are sued for separate acts of medical malpractice as part of a single action. The situation is further complicated by the fact that the plaintiffs and one defendant reside in the same county, and the claim against that defendant arose in that county, namely Lauderdale County. The Appellant argues that the claim against him can only be brought in Lauderdale County, while the Appellees argue that the Appellant can be sued in Shelby County because he was properly joined under Rule 20 of the Tennessee Rules of Civil Procedure. The critical issue is whether, by virtue of the fact there are multiple defendants from multiple counties, proper joinder of a party under Rule 20 changes the venue analysis.

Under the facts of the present case, we do not believe that joinder under Rule 20 can change the fact that the proper venue for the claim against the Appellant is Lauderdale County. In relevant part, Tenn.Code Ann. § 20-4-101(b) provides: "If, however, the plaintiff and defendant both reside in the same county in this state, then such action <u>shall be brought either in the county where the cause of action arose or in the county of their residence</u>." (Emphasis added). Pursuant to this section, Lauderdale County is the only proper venue for the action against the Appellant. Both the Appellees and the Appellant reside in Lauderdale County and the cause of action against the Appellant arose in Lauderdale County.

---

[1] There is no dispute that the entire relationship between the parties to this appeal took place in Lauderdale County.

[2] All of the claims involve the failure to properly diagnose.

The cases cited by the Appellee, specifically <u>Commercial Truck and Trailor Sales v. McCampbell</u>, 580 S.W.2d 765 (Tenn. 1979), <u>Woods v. Fields</u>, 798 S.W.2d 239 (Tenn. Ct. App. 1990), and <u>Fred's Finance v. Fred's of Dyersburg</u>, 741 S.W.2d 903 (Tenn. Ct. App. 1987), do not present a factual scenario similar to the present case in that none of those cases has a plaintiff, defendant, and cause of action which are confined to one county. The critical point of this fact is that T.C.A. § 20-4-101(b) is not at issue in those cases. Therefore, those courts were not faced with the specific question of whether joinder of a party served to overcome the special venue rule applicable to a purely localized action. Therefore, to the extent the Appellees present those cases as dispositive of the present dispute, we believe that reliance is misplaced.

In <u>Tims v. Carter</u>, 241 S.W.2d 501 (Tenn. 1951), our Supreme Court stated:

> We ... conclude that where the plaintiff and a material defendant or defendants reside in the same county, this county being the county where the cause of action accrued, that then the county of the residences of those parties should be the county of action for venue purposes.

<u>Tims</u>, 241 S.W.2d at 503. We recognize that the <u>Tims</u> case presents a factual distinction insofar as there was only one cause of action in that case as opposed to the present case in which the causes of action accrued in both Lauderdale County and Shelby County. However, the <u>Tims</u> decision clearly states that when the critical factors converge in one county, that county is the proper venue.[3] We believe the rule espoused in <u>Tims</u> is equally applicable in the present case. The language of Tenn.Code Ann. § 20-4-101(b) is mandatory and has been consistently recognized as such. In his book, Tennessee Circuit Court Practice, Professor Lawrence Pivnick notes that Tennessee courts have adopted several ancillary venue rules. He states:

> First, if venue is proper as to one of several defendants who is a material party, venue is proper as to all properly joined defendants, even if venue would not be proper as to the other defendants if sued individually. <u>An exception, however, applies as to a defendant having common county residence with the plaintiff.</u>

Lawrence A. Pivnick, Tennessee Circuit Court Practice § 6-2 (1999)(emphasis added)(citations omitted). In support of the exception, Professor Pivnick cites Tenn.Code Ann. § 20-4-101(b). Professor Pivnick also notes that the Tennessee Rules of Civil Procedure specifically defer to Tennessee statutes with respect to venue. <u>See</u> Lawrence A. Pivnick, Tennessee Circuit Court Practice § 6-1 (1999)(citing Tenn. R. Civ. P. 4.01). If this case were simply the Appellees suing the

---

[3] The only issue before this court is whether Shelby County is the proper venue in which to sue Dr. Wong. Although we find that Shelby County is not the proper venue, we express no opinion as to whether the Shelby County defendants may be sued in Lauderdale County as that issue is not before the court. However, we would note that this question does not involve a scenario where the plaintiffs and defendants reside in the same county. In that regard, the analysis would be different.

Appellant, Lauderdale County would be the proper venue pursuant to T.C.A. § 20-4-101(b). We find nothing which would lead us to conclude that the addition of the Shelby County defendants does anything to change that fact.[4] As such, the trial court erred in not granting the Appellants motion to dismiss for improper venue.

## Conclusion

For the aforementioned reasons, the decision of the trial court is reversed and the complaint against the Appellant, Luis Wong, is dismissed for improper venue. Costs of this appeal are taxed to the Appellees, Frank and Rebecca Mills, for which execution may issue if necessary.

                    _____

ALAN E. HIGHERS, JUDGE

---

[4] Specifically, we do not believe that joinder under Rule 20 can cure what would otherwise be an improper venue. We would note, however, that our holding should not be extended outside the context of a case involving T.C.A. § 20-4-101(b).