IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 11, 2015 Session

## KATHLEEN N. BARRETT, ET AL. v. THOMAS M. CHESNEY, MD

**Appeal from the Circuit Court for Shelby County**
**No. CT00084913     Robert Samual Weiss, Judge**

_____

**No. W2014-01921-COA-R9-CV – Filed September 28, 2015**
_____

This interlocutory appeal arises from a health care liability action and concerns the question of proper venue. Plaintiff filed her original lawsuit in Shelby County against the Appellants, a pathology group located in Shelby County. Appellants answered the complaint and raised, as an affirmative defense, the comparative negligence of Appellees, plaintiff's primary care physician and his employer, who are residents of Sumner County. Plaintiff then moved, under Tennessee Code Annotated Section 20-1-119, for leave to amend her complaint to add the Sumner County residents to the lawsuit. Leave was granted, and plaintiff filed an amended complaint under Tennessee Rule of Civil Procedure 15.01. Appellees answered the complaint and averred that venue was improper in Shelby County under Tennessee Code Annotated Section 20-4-101(b). Appellees asked for dismissal of the lawsuit; however, rather than dismissing the lawsuit, the Shelby County court transferred the case to Sumner County. Appellants appeal. We affirm and remand.

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court is Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Albert C. Harvey and Justin N. Joy, Memphis Tennessee, for the appellants, Trumbull Laboratories, LLC, Thomas M. Chesney, and Pathology Group of the Midsouth, PC.

John F. Floyd, Nashville, Tennessee, for the appellant, Kathleen N. Barrett.

Marty R. Phillips and John O. Alexander, IV, Memphis, Tennessee, for the appellees,

Michael Kellogg, Portland Primary Care, LLC, Portland Primary Care, LLC d/b/a Tristar Medical Group-Fairvue, and Portland Primary Care, LLC d/b/a Tristar Medical Group-Fairvue Primary Care.

## OPINION
### I. Background

On or about April 12, 2011, Appellant Kathleen N. Barrett, who is a resident of Sumner County, Tennessee, underwent a biopsy of a lesion on her right calf. Ms. Barrett's primary care physician, Dr. Michael S. Kellogg, performed the biopsy. Dr. Kellogg sent the biopsied specimen to American Esoteric Laboratories, Inc. Thereafter, American Esoteric Laboratories transferred the specimen to Trumbull Laboratories, Inc., where it was analyzed by Dr. Thomas M. Chesney, an employee of Pathology Group of the Midsouth, P.C. (together with Dr. Chesney and Trumbull Laboratories, Inc., the "Pathology Group Appellants"). The Pathology Group Appellants are located in Shelby County, Tennessee. Dr. Chesney prepared a pathology report, wherein he diagnosed Ms. Barrett's specimen as non-cancerous. In light of the pathology report, Ms. Barrett did not immediately seek further treatment for the lesion on her calf.

On or about January 30, 2012, Ms. Barrett returned to Dr. Kellogg because the lesion on her leg had changed in appearance. Dr. Kellogg took another biopsy, which he sent to Quest Diagnostics. The reviewing physician at Quest Diagnostics concluded that the biopsy was positive for malignant melanoma. Thereafter, Ms. Barrett commenced treatment at Vanderbilt University Medical Center. Ms. Barrett's Vanderbilt doctors obtained the original April 12, 2011 specimen. On review of the specimen, a Vanderbilt dermatopathologist concluded that the original specimen was positive for malignant melanoma.

On February 26, 2013, Ms. Barrett ("Appellant") filed a health care liability complaint against the Pathology Group Appellants,[1] and American Esoteric Laboratories, Inc.[2] Because the Pathology Group Appellants were located in Shelby County, Ms. Barrett filed her complaint in the Shelby County Circuit Court. On April 5, 2013, the Pathology Group Appellants filed a joint answer, denying the material allegations contained in the complaint. In the answer, the Pathology Group Appellants also asserted, as an affirmative defense, negligence on the part of Ms. Barrett for failure to "follow up or seek medical treatment, and

---

[1] We note that the original complaint was filed by Ms. Barrett and her husband Rickey J. Barrett. However, an order of dismissal as to Mr. Barrett was entered on September 30, 2013.

[2] On July 23, 2013, the trial court entered an order of voluntary non-suit without prejudice as to American Esoteric Laboratories, Inc.

fail[ure] to follow medical instructions." On October 11, 2013, the trial court entered an agreed order, wherein the Pathology Group Appellants were required to "identify all individuals and/or entities they believe are comparatively at fault in this matter, and [to] disclose the basis for such fault." On November 26, 2013, the Pathology Group Appellants filed a motion for leave to amend their answer. The trial court granted the motion, and, on or about December 4, 2013, the Pathology Group Appellants filed their first amended answer. Therein, the Pathology Group Appellants raised, as an affirmative defense, the comparative negligence of Dr. Michael Kellogg, Portland Primary Care, LLC, Portland Primary Care, LLC d/b/a Tristar Medical Group-Fairvue, and Portland Primary Care, LLC d/b/a Tristar Medical Group-Fairvue Primary Care (together, "Appellees"). Specifically, the Pathology Group Appellants alleged that Dr. Kellogg was negligent in "not communicating to [Ms. Barrett] Dr. Chesney's April 2011 recommended course of treatment that the lesion on [her] leg 'should be completely excised.'" In addition, the Pathology Group Appellants alleged that Dr. Kellogg's treatment of Ms. Barrett failed to comply with the recognized standard of acceptable professional care in that he allegedly failed to "offer. . . and/or carry out the recommended course of treatment within a reasonable time, despite numerous office visits after the April 2011 recommendation from Dr. Chesney."

On January 6, 2014, "pursuant to Tennessee Code § 20-1-119 and Tennessee Rule of Civil Procedure 15,"[3] Ms. Barrett filed a motion for leave to amend her complaint. Therein, she noted the Pathology Group Appellants' affirmative defense of comparative fault on the part of Appellees and requested leave to amend her complaint to add Appellees as defendants in the health care liability action. The trial court granted Ms. Barrett's motion by order of January 14, 2014. On January 24, 2014, Ms. Barrett filed her "First Amended Complaint,"

---

[3] Tennessee Code Annotated Section 20-1-119 provides, in pertinent part, that:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

(1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person. . . .

3

naming the Pathology Group Appellants and the Appellees as defendants. On February 26, 2014, Appellees filed an answer, wherein they averred that "[v]enue is not proper in Shelby County." Specifically, Appellees alleged that Ms. Barrett and Dr. Kellogg reside in Sumner County and that the cause of action between them arose in Sumner County. Therefore, relying on the Tennessee Venue Statute, Tennessee Code Annotated Section 20-4-101, Appellees asserted that proper venue lay in Sumner County. On March 17, 2014, Appellees moved for dismissal on the ground of improper venue. Ms. Barrett opposed the motion in her response filed on April 30, 2014. Likewise, on May 22, 2014, the Pathology Group Appellants filed a response in opposition to the Appellees' motion to dismiss.

The trial court heard Appellees' motion to dismiss for lack of proper venue on June 20, 2014. By order of June 30, 2014, the trial court held that, "[r]ather than dismissing the case against [Appellees] for improper venue," it had "discretion to transfer the matter to the Sumner County Circuit Court under Tennessee Code Annotated § 16-1-116. . . ." Accordingly, the court held that "[t]he Sumner County Circuit Court is the only court with jurisdiction to hear this entire action" and ordered that the case would be transferred "in its entirety as to all Defendants to the Sumner County Circuit Court."

On September 22, 2014, the trial court granted Appellants' motion for permission to seek interlocutory appeal under Tennessee Rule of Appellate Procedure 9. This Court granted the interlocutory appeal by order of December 9, 2014.

## II. Issues

We perceive the dispositive issue in this case as whether the amendment to a complaint to add defendants that reside in the plaintiff's county of residence negates venue in the Shelby County court under Tennessee Code Annotated Section 20-4-101(b).

## III. Standard of Review

The sole issue on appeal is whether the Shelby County trial court erred in transferring the case for improper venue. The determination of whether venue is proper is a question of law, which we review de novo with no presumption of correctness. *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005).

## IV. Analysis

4

As an initial matter, we note that, in its June 30, 2014 order, the trial court appears to use the terms "venue" and "jurisdiction" synonymously, i.e., the order states "[r]ather than dismissing the case against [Appellees] for improper **venue**," and also states that "[t]he Sumner County Circuit Court is the only court with **jurisdiction** to hear this entire action." Subject-matter jurisdiction addresses a court's authority to adjudicate a dispute brought before it. *See Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). It is dependent on the nature of the controversy as well as the relief sought. *Id*. Venue, on the other hand, does not affect the court's authority to rule on matters before it; rather, it relates "to the appropriateness of the location of the action." *Meighan v. U.S. Sprint Commc'n Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Here, we are concerned only with the question of proper venue.

"Tennessee venue rules are largely statutory and are intended to provide the criteria for determining where a lawsuit may or should be filed." *Mays v. Henderson*, No. 01-A-019103CV00115, 1992 WL 117058, *2 (Tenn. Ct. App. June 3, 1992) (citing *Metropolitan Dec. & Hous. Agency v. Brown Stove Works, Inc.*, 637 S.W.2d 876, 880 (Tenn. Ct. App. 1982)). These statutes provide a defendant a personal privilege to be sued in a particular county or counties. *Id*. (citing *Turpin v. Conner Bros. Excavating Co*., 761 S.W.2d 296, 297 (Tenn. 1988); *Corby v. Matthews*, 541 S.W.2d 789, 791 (Tenn. 1976)). "However, when the venue statutes permit an action to be filed in more than one place, it is the plaintiff, not the defendant, who may choose where the suit will be filed." *Id*. (citing *Dealer Serv. Plan, Inc. v. Chabarria*, 543 S.W.2d 740, 742 (Tex. Civ. App. 1976); *Florida Farms, Inc. v. Barkett Computer Servs., Inc.*, 311 So.2d 730, 731 (Fla. Dist. Ct. App. 1975)).

It is undisputed that the instant case is transitory in nature. "Actions are either local or transitory in nature, and the subject matter of the action determines its classification." *Nickell, Inc. v. Psillas, et al.*, No. M2004-02975-COA-R3-CV, 2006 WL 1865018, *2, f n. 3 (Tenn. Ct. App. June 30, 2006) (citing *State ex rel Logan v. Graper*, 4 S.W.2d 955 (Tenn. Ct. App. 1927); *Burns v. Duncan,* 133 S.2d 1000 (Tenn. Ct. App. 1939)). "Transitory actions are those that could have arisen anywhere." *Id.* (citing *Curtis v.* Garrison, 364 S.W.2d 933, 934 (Tenn. Ct. App. 1963)). In other words, "[a] transitory action is one for which the injury occurred to a subject not having an immovable location." *Id.* (citing *Five Star Express, Inc. v. Davis*, 866 S.W.2d 944, 945 (Tenn. Ct. App. 1993)). Although, at common law, a plaintiff could file a transitory action wherever the defendant could be found, "[a]lmost two hundred years ago, the General Assembly modified the common law rule by enacting statutes intended to localize transitory causes of action." *Mays*, 1992 WL 117058, *2 (citing *White v. Garner*, 241 S.W.2d 518, 519-20 (Tenn. 1951); *Haynes v. Woods*, 268 S.W. 632, 633 (Tenn. 1925)).

Tennessee Code Annotated Section 20-4-101 is Tennessee's primary localizing statute for transitory actions. It provides, in relevant part:

5

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence.

As discussed in *Mays*:

Under Tenn. Code Ann. § 20-4-101, either the place where the cause of action occurred or where the defendant resides dictates where the suit may be filed. Residence, as a venue influencing criterion, refers not to a defendant's residence when the cause of action occurs but rather to the defendant's residence when the plaintiff files suit. ***Northcott v. Holloway***, 225 Tenn. 141, 145, 464 S.W.2d 551, 553 (1971).

In cases where both the plaintiff and the defendant reside in the same county, Tenn. Code Ann. § 20-4-101(b) clearly requires the suit to be filed either in the county where the cause of action arose or in the county where both parties reside. Localizing a transitory cause of action to the county where both parties reside was intended to prevent the plaintiff from surprising the defendant away from home in a forum where it would have been more difficult or less convenient to defend. ***Haynes v. Woods***, 151 Tenn. at 167, 268 S.W. at 633; S. Gilreath & B. Aderholt, Caruthers' History of a Lawsuit § 41, at 44 (8th ed. 1963).

Tenn. Code Ann. § 20-4-101(b) is couched in singular terms, and thus its application to cases involving multiple defendants is not readily apparent. . . . [W]here all the parties reside in the same county. . . it is reasonable to conclude that both prosecuting and defending the case will be most convenient in the county where all the parties reside. The same may not hold true in cases where one or more of the material defendants reside in different counties.

In cases where all the defendants do not reside in the same county, the majority rule is that venue is proper wherever any one of the material defendants against whom substantial relief is sought resides. *See* 77 Am.Jur.2d Venue § 33 (1975); 92 C.J.S. Venue § 93(a) (1955). Tennessee, however, does not follow the majority rule. The Tennessee Supreme Court has held that a suit

6

involving a transitory cause of action must be filed in the county where the cause of action arose if the plaintiff and at least one material defendant resides there. ***Tims v. Carter***, 192 Tenn. 386, 391, 241 S.W.2d 501, 503 (1951).

*Mays*, 1992 WL 117058, \*2-\*3.  In ***Tims***, our Supreme Court specifically held:

> We, therefore, conclude that where the plaintiff and a material defendant or defendants reside in the same county, this county being the county where the cause of action accrued, that then the county of the residences of these parties should be the county of action for venue purposes.

***Tims v. Carter***, 241 S.W.2d 501, 503 (Tenn. 1951).

In its June 30, 2014 order, the trial court determined that venue lies in Sumner County and reasoned that

> the action against [Appellees] is localized to Sumner County under Section 20-4-101(b). . . and case law construing it to include ***Mills v. Wong***, 39 S.W.3d 188 (Tenn. Ct. App. 2000). . . .
>
> Section 20-4-101(b) provides that if "the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence." Under ***Mills***, "when the critical factors converge in one county, that county is the proper venue." *Id*. at 189.  ***Mills*** also provides that Section 20-4-101(b) is "mandatory" and applies when the "case presents a scenario in which multiple defendants residing in or having their principal places of business in multiple counties are sued for separate acts of medical malpractice as part of a single action." *Id*. at 189-90.
>
> It is undisputed that Plaintiff, Kathleen Barrett, resides in Sumner County and has resided there at all time pertinent; that [Appellees] reside in Sumner County and have resided there at all times pertinent; and that the cause of action brought by Plaintiff against [Appellees] arose in Sumner County. Therefore, venue is not proper in Shelby County as against [Appellees].  The only proper venue for the cause of action against [Appellees] is Sumner County.

As noted by this Court in *Mays*, Tennessee Code Annotated Section 20-4-101(b) "is couched in singular terms, and thus its application to cases involving multiple defendants is

7

not readily apparent." ***Mays***, 1992 WL 117058, at \*3.  In the ***Mills*** case, upon which the trial court relied, the plaintiffs were residents of Lauderdale County, Tennessee.  ***Mills v. Wong***, 39 S.W.3d 188 (Tenn. Ct. App. 2000), *perm. app. denied* (Tenn. March 5, 2001).  The ***Mills*** plaintiffs filed a health care liability complaint in Shelby County against four defendants, who were all residents of Shelby County.  ***Id***.  The causes of action against the Shelby County defendants arose in Shelby County.  After filing the lawsuit, the plaintiffs were granted leave, under Tennessee Rule of Civil Procedure 20,[4] to join Dr. Luis Wong as a defendant in the lawsuit.  ***Id***. at 189.  Dr. Wong was a resident of Lauderdale County, and the causes of action against him arose in Lauderdale County.  After he was joined in the lawsuit, Dr. Wong filed a motion seeking dismissal of the plaintiffs' case against him on grounds that venue in Shelby County was improper.  ***Id***. The trial court denied Dr. Wong's motion, and this Court granted an interlocutory appeal to address the venue question.  ***Id***.   On appeal, this Court framed the issue as "whether, by virtue of the fact there are multiple defendants from multiple counties, proper joinder of a party under Rule 20 changes the venue analysis." ***Id***.

In ***Mills***, this Court reversed the trial court and dismissed the complaint against Dr. Wong for improper venue.  ***Id***. at 190.  In so ruling, we relied on the ***Tims*** holding, *supra*, for the proposition that "[t]he language of Tenn. Code Ann. § 20-4-101(b) is mandatory and has been consistently recognized as such." ***Id.*** at 190.  In addition to ***Tims***, the ***Mills*** court relied on Professor Pivnick's Tennessee Circuit Court Practice, stating:

> First, if venue is proper as to one of several defendants who is a material party, venue is proper as to all properly joined defendants, even if venue would not

---

[4] Tennessee Rule of Civil Procedure 20.01 governs permissive joinder of parties.  The Rule provides:

All persons may join in one (1) action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one (1) action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

be proper as to the other defendants if sued individually. *An exception, however, applies as to a defendant having common county residence with the plaintiff.*

*Mills*, 39 S.W. 3d at 190 (quoting Lawrence A. Pivnick, <u>Tennessee Circuit Court Practice</u> §6-2 (1999) (citations omitted)) (emphasis in original). Based on these authorities, we concluded that, "[i]f this case were simply the [plaintiffs] suing [Dr. Wong], Lauderdale County would be the proper venue pursuant to T.C.A. § 20-4-101(b). We find nothing which would lead us to conclude that the addition of the Shelby County defendants does anything to change that fact." *Id*. We clarified this holding in a footnote, stating "[s]pecifically, we do not believe that joinder under Rule 20 can cure what would otherwise be an improper venue. We note, however, that our holding should not be extended outside the context of a case involving T.C.A. §20-4-101(b)." *Id*. at 190, fn. 4.

In this case, Ms. Barrett did not add the Appellees to the lawsuit by permissive joinder under Tennessee Rule of Civil Procedure 20. Here, Ms. Barrett added the Appellees by amending her complaint under Tennessee Rule of Civil Procedure 15.01 and pursuant to Tennessee Code Annotated Section 20-1-119, *see* footnote 3. In this regard, the *Mills* case is distinguishable from the instant appeal, which is more closely aligned with the case of ***Hutchings v. Methodist Hospital of McKenzie***, W2001-01269-COA-R9-CV, 2000 WL 33774484 (Tenn. Ct. App. June 2, 2000).

In ***Hutchings***, Judge (now Justice) Kirby, writing for this Court, draws a distinction between the filing of an amendment to a complaint and the filing of an amended complaint as those distinct actions bear on the question of venue. An "amended complaint," complete in itself without adoption or reference to original, supersedes and destroys the original complaint as a pleading, while an "amendment" to a complaint merely modifies the existing complaint, which remains before the trial court as modified. ***McBurney v. Aldrich***, 816 S.W.2d 30 (Tenn. Ct. App. 1991) (citing ***Louisville & N.R. Co. v. House***, 104 Tenn. 110, 56 S.W. 836 (1900)), *perm. app. denied* (Tenn. Sept. 3, 1991). In ***Hutchings***, Plaintiff/Appellee John Hutchings, a Weakley County resident, was treated in the emergency room at Defendant/Appellee Methodist Hospital of McKenzie, which is located in Carroll County. *Id*. at *1. Defendant/Appellee Dr. John Freeman examined Mr. Hutchings at Methodist McKenzie and determined that he suffered from a vascular insufficiency in his right leg. *Id*. Dr. Freeman advised Mr. Hutchings to go home and to schedule an appointment the following day with his family physician, Defendant/Appellant Dr. Sidney Ray, a Carroll County resident. *Id*. Dr. Ray examined Mr. Hutchings the following day and advised him to return home while Dr. Ray's office made an appointment for Mr. Hutchings to be examined by a specialist. *Id*. Two days later, Dr. Ray's office contacted Mr. Hutchings and told him to go immediately to Methodist Hospital of Memphis in Shelby County. *Id*. Mr. Hutchings was

9

subsequently admitted to the emergency room at Methodist Memphis. *Id*. On October 3, 1994, his right leg was amputated at Methodist Memphis. *Id*.

Mr. Hutchings filed suit in Shelby County against Methodist McKenzie, Methodist Memphis, Dr. Freeman, and his treating physicians in Memphis. *Id*. Three days later, Mr. Hutchings filed an identical lawsuit in Carroll County. *Id*. Dr. Ray was not named as a defendant in either lawsuit. *Id*. Mr. Hutchings subsequently filed a motion asking the Carroll County court to transfer the Carroll County lawsuit to Shelby County. *Id.* at *2. At the same time, Mr. Hutchings filed a motion to amend his Carroll County complaint by deleting Methodist Memphis and the other Shelby County defendants. *Id*. Mr. Hutchings ultimately non-suited his Carroll County lawsuit.

Thereafter, a series of agreed orders were entered in Shelby County, dismissing all of the Shelby County physicians from the Shelby County lawsuit except Dr. Alan Hammond. *Id*. Likewise, Methodist Memphis was dismissed from the lawsuit by grant of summary judgment, thus leaving Dr. Hammond as the sole Shelby County defendant. *Id*.

Within one year of entry of the non-suit in the Carroll County lawsuit, Mr. Hutchings filed a second lawsuit in Carroll County. *Id*. This lawsuit named only Methodist McKenzie and Dr. Freeman as defendants. *Id*. Shortly thereafter, in the Shelby County lawsuit, Methodist McKenzie and Dr. Freeman filed an amended answer, in which they identified Dr. Ray and Dr. Hammond as potentially liable parties. *Id*. Methodist McKenzie and Dr. Freeman filed a similar amended answer in the Shelby County lawsuit. The Shelby County trial court granted Mr. Hutchings permission to amend his complaint; a virtually identical order was entered in Carroll County. *Id*. at *3. Mr. Hutchings amended his complaints, in both Shelby County and Carroll County, to name Methodist McKenzie, Dr. Freeman, and Dr. Ray as defendants. *Id*. At that point, all defendants resided in Carroll County, and the negligent conduct alleged occurred in Carroll County. *Id*. Dr. Ray filed a motion to dismiss for improper venue in Shelby County. *Id*. Mr. Hutchings filed a motion to transfer the Shelby County lawsuit to Carroll County for consolidation with the Carroll County lawsuit. *Id*.

The Shelby County court issued an order holding that venue in Shelby County was proper when Mr. Hutchings originally filed his action there; that Dr. Ray was properly added as a defendant in the case; and that the case was transferable to Carroll County. *Id*. Accordingly, the Shelby County court denied Dr. Ray's motion to dismiss and granted Mr. Hutchings' motion to transfer the Shelby County lawsuit to Carroll County. *Id*. The Carroll County court issued an order accepting the transfer. *Id*. The Carroll County court found that Mr. Hutchings had properly and timely amended his complaint under Tennessee Code Annotated Section 20-1-119 to add Dr. Ray as a defendant to his Shelby County action and

that the case was transferrable to Carroll County. *Id*.

After granting interlocutory appeal under Tennessee Rule of Appellate Procedure 9, we reviewed the question of proper venue and noted:

> In this case, Hutchings' original Shelby County complaint contained allegations of negligent conduct occurring in both Shelby County and Carroll County. Therefore, for purposes of determining venue, his cause of action arose in Shelby County and Carroll County. The original Shelby County complaint named defendants residing in both Shelby County and Carroll County. . . .
>
> Hutchings filed his amended Shelby County complaint. . . to add Dr. Ray as a defendant under Tennessee Code Annotated § 20-1-119. *See* Tenn. R. Civ. P. 15.01. In the amended Shelby County complaint, Hutchings named as defendants Dr. Ray, Methodist McKenzie and Dr. Freeman, all Carroll County residents. The negligent conduct alleged against these defendants in the amended complaint occurred in Carroll County. As noted above, Tennessee Code Annotated §20-4-101 provides that venue is proper "in the county where the cause of action arose or in the county where the defendant resides or is found." *Id*. Consequently, venue in Shelby County was improper as to Dr. Ray if based only on the amended complaint because the amended complaint did not name a Shelby County resident as a defendant nor did it allege negligent conduct against the defendants named in the amended complaint occurring in Shelby County.
>
> In his original Shelby County complaint, Hutchings named Dr. Alan Hammond, a Shelby County resident, as a defendant. The record contains no order dismissing Dr. Hammond from the suit; however, he is not named as a defendant in the Shelby County amended complaint. . . . If the amended complaint was intended to supplement the original complaint instead of completely replacing it, and if Dr. Hammond was a defendant in the case when the amended complaint was filed, venue in Shelby County was proper as to Dr. Ray when the amended complaint was filed. . . . As noted above, whether venue was proper as to Dr. Ray at the time the amended complaint was filed hinges on whether Dr. Hammond, the lone remaining named Shelby County defendant, was a defendant when the amended complaint was filed. This depends on whether. . . the amended complaint was intended to replace or supplement the original complaint.

*Hutchings*, 2000 WL 33774484, at *5-*6. Because we could not determine whether "the amended complaint was intended to replace or supplement the original complaint," we

11

remanded "the case to the Carroll County trial court for a determination of whether the amended Shelby County complaint was intended to supplement or replace the original complaint. . . ." *Id*. at *6. Although procedurally convoluted and distinguishable from the instant case, the *Hutchings* case does indicate that, in cases such as the one at bar, where a party is added by some amendment to the complaint, the question of proper venue rests on whether the Rule 15.01 amendment was meant to supersede and replace the original complaint (i.e., amended complaint), or whether the amendment was meant only to change or supplement the original (i.e., amendment to the complaint). As noted by the *Hutchings* Court, "[i]f the amended complaint was intended to supplement the original complaint instead of completely replacing it, and if Dr. Hammond[, a Shelby County resident,] was a defendant when the amended complaint was filed, venue in Shelby County was proper as to Dr. Ray." Because an amendment to a complaint merely modifies the original complaint, the original complaint still forms the basis for a determination of proper venue. However, the inverse is also true: if the amended complaint is meant to replace and supersede the original complaint, then the trial court must determine venue based on the amended complaint. So, here, the question is whether Ms. Barrett's First Amended Complaint is, indeed, an amended complaint, which replaces the original, or whether it is merely an amendment to the original complaint. We now turn to address that question.

As set out above, in *Hutchings*, this Court looked to the order granting the amendment to the complaint in order to determine whether the amended complaint was a superseding complaint or merely a modification of the original. Specifically, the *Hutchings* Court states that "[t]he amended Shelby County complaint could be construed as a substitute, intended to replace the original complaint. However, the amended complaint was filed pursuant to the trial court's order granting leave to amend. This order does not grant leave to file an amended or substitute complaint; rather, it states that Hutchings was "allowed to amend" his original complaint, i.e., to change or supplement the original complaint." Likewise, in the instant case, the trial court's order of January 14, 2014 allows Ms. Barrett to "amend her Complaint to add additional Defendants . . . ." Importantly, the *Hutchings* case was decided in 2000, which was prior to the 2007 amendment to Tennessee Rule of Civil Procedure 15.01, *see* footnote 5, *infra*.

Tennessee Rule of Civil Procedure 15.01 currently provides, in relevant part, that, "[f]or amendments adding defendants pursuant to Tenn. Code Ann. § 20-1-119. . . written consent of the adverse party or leave of the court is not required." The Advisory Commission Comment to Rule 15.01 clarifies that, "[b]ecause Tenn. Code Ann. §20-1-119 allows potential comparative tortfeasors pleaded in the answer to be added to the complaint, there is no reason to trouble the trial court with permission to amend."[5] Although not

---

[5] Before the 2007 amendment to Tennessee Rule of Civil Procedure 15.01, which added the

required under Rule 15.01, here, Ms. Barrett did file a motion "for leave to amend her complaint." The trial court granted her motion by order of January 14, 2014. Specifically, the court granted Ms. Barrett leave to "amend her complaint to add additional Defendants. . . ." If the trial court's permission had been necessary under Rule 15.01, then we would possibly be faced with the same problem that required remand in the *Hutchings* case, i.e., whether the trial court allowed the plaintiff to file an amended complaint, which would supersede and replace the original complaint, or whether she was allowed to file only an "amendment to" her original complaint, which would merely modify the original complaint, not replace it. Under the holding in *Hutchings*, *supra*, the distinction between an amended complaint and an amendment to a complaint affects the question of venue. However, since the *Hutchings* decision, Rule 15.01 has been amended to clarify that a party seeking to amend his or her complaint pursuant to Tennessee Code Annotated Section 20-1-119 does not have to seek permission from the trial court. Because Ms. Barrett was not required to seek permission from the trial court, its order allowing the amendment is not dispositive of the question of whether the actual amended document supersedes the original complaint or merely adds another set of defendants to the original complaint. Rather, we look to the substance of Ms. Barrett's First Amended Complaint to determine whether it supersedes and replaces the original complaint or merely modifies it. "[I]t is well established that the courts of this state look to the substance rather than the form of pleadings in determining their nature and effect. *Morgan v. Layne*, 56 S.W.2d 161, 162 (Tenn. 1933); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 300 (Tenn. Ct. App. 2001).

As noted above, an "amended complaint," which supersedes and destroys the original complaint as a pleading, is complete in itself without adoption or reference to the original, while an "amendment" to a complaint merely modifies the existing complaint, which remains before the trial court as modified. *McBurney v. Aldrich*, 816 S.W.2d 30 (Tenn. Ct. App. 1991) (citation omitted). Turning to the record, Ms. Barrett's First Amended Complaint makes no reference to her original complaint. Furthermore, the document is complete in itself in that it contains the names of all defendants, including the added defendants, in its heading. Moreover, the First Amended Complaint sets out the causes of action against each defendant without reference to the original complaint. From the substance of this pleading, we can only conclude that Ms. Barrett's First Amended Complaint is just that: an amended complaint, which supersedes and destroys her original complaint. As such, and under the holding in *Hutchings*, we conclude that the trial court was required to revisit the question of venue in light of the parties and causes of action included in the First Amended Complaint. Here, our analysis merges with the trial court's reasoning as set out in its June 30, 2014 order.

language that "written consent . . . or leave . . . is not required," there was some ambiguity as to whether such leave or consent was required. *See Jones v. Professional Motorcycle Escort Service, LLC*, 193 S.W.3d 564 (Tenn. 2006).

Tennessee Code Annotated Section 20-4-101(b) provides that if "the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence." Ms. Barrett is a resident of Sumner County. Likewise, the Appellees, who were added to the lawsuit in the First Amended Complaint, are residents of Sumner County. The trial court found that Ms. Barrett's cause of action arose in Sumner County; this finding is not contested on appeal. "In cases where both the plaintiff and the defendant reside in the same county, Tenn. Code Ann. § 20-4-101(b) clearly requires the suit to be filed either in the county where the cause of action arose or in the county where both parties reside." *Mays*, 1992 WL 117058, *2; *accord Tims*, 241 S.W.2d at 503 (holding that a suit involving a transitory cause of action must be filed in the county where the cause of action arose if the plaintiff and at least one material defendant resides there.). Because the cause of action in this case arose in Sumner County and because both Ms. Barrett and the Appellees reside in Sumner County, we conclude that venue is proper in Sumner County under Tennessee Code Annotated Section 20-4-101(b). Accordingly, the Shelby County trial court did not err in transferring the case to Sumner County.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Trumbull Laboratories, LLC, Thomas M. Chesney, Pathology Group of the Midsouth, PC., and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

14