IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2017

**STATE EX REL. SCHRITA O. v. ROBERT T.**

**Appeal from the Juvenile Court for Shelby County**
**No. Z4680    Dan H. Michael, Judge**

———————————————————

**No. W2017-00073-COA-R3-JV**

———————————————————

FRANK G. CLEMENT JR., P.J. M.S., concurring in part and dissenting in part.

I concur in the majority's decision in all respects but one. I respectfully disagree with the majority's decision to "vacate the trial court's judgment as to the calculation of retroactive child support and remand so that child support may be calculated based on the actual number of days Father exercised parenting time."

My dissent is founded on the general principle that the appellate court should not search for error by the trial court when the issue is not properly raised by the parties.[1] *See* Tenn. R. App. P. 13(b); *Bing v. Baptist Mem'l Hosp.-Union City*, 937 S.W.2d 922, 924 (Tenn. Ct. App. 1996) (The appellate court may treat issues that are not raised on appeal as being waived).

The State does not complain that Father should have been allocated less than eighty days of parenting time in calculating child support and we have consistently held that an issue not raised in a statement of the issues may be considered waived. *Champion v. CLC of Dyersburg, LLC*, 359 S.W.3d 161, 163 (Tenn. Ct. App. 2011) (citing *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 392 (Tenn. Ct. App. 2009)). Issues that

---

[1] There are exceptions to this general principle. For example, the court may consider whether it has subject matter jurisdiction even though none of the parties raise the issue. *See Johnson v. Hopkins*, 432 S.W.3d 840, 844 (Tenn. 2013) (Subject matter jurisdiction may be challenged at any time and may be raised by a court on its own motion, even if the parties have not raised the issue). Moreover, the court may consider whether a party has standing when none of the parties raise the issue. *See In re Lyric A.*, No. M2015-02468-COA-R3-PT, 2017 WL 4570492, at *1 (Tenn. Ct. App. Oct. 12, 2017). In *Lyric A.*, the parties did not raise the issue of standing in the trial court and, generally, the court of appeals will not address issues not raised in the trial court. *Id*. (citing *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991)). "Nevertheless, because standing 'is a component of subject matter jurisdiction,' Tenn. R. App. P. 13(b) requires us to consider it even if the trial court did not have the opportunity." *Id*. (quoting *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004)). Therefore, the court afforded the parties the opportunity to submit supplemental briefs to address the issue of standing and both parties timely filed supplemental briefs. *Id*.

are not raised in the trial court may also be deemed waived. *See* Tenn. R. App. P. 36(a); *Alexander v. Armentrout*, 24 S.W.3d 267, 272 (Tenn. 2000) ("Additionally, we conclude that the Court of Appeals erroneously relied upon the doctrine of equitable estoppel in reversing the judgment of the trial court because the doctrine was not properly preserved for appeal"). Because neither party contends that Father should have been allocated *less than* eighty days of parenting time, I submit that we need not and, indeed, should not consider whether Father should have been allocated less than eighty days of parenting time in calculating child support.

The only issue raised by the parties that pertains to the calculation of retroactive child support is, as correctly stated in the majority opinion, "Father argues that the juvenile court erred in calculating child support by crediting Mother with 285 days of parenting time." Significantly, the State, acting on behalf of Mother and child, does not contend that the trial court erred by allocating eighty days to Father for purposes of setting parenting time. In fact, as the majority opinion correctly notes, the State expressly asked the trial court to credit Father with eighty days of parenting time when calculating child support. This fact is abundantly clear by the following colloquy between the trial judge and the state's counsel when determining child support:

> The Court: Do you [have] the worksheet ready? See what we come up with. It's 365 and zero on the visitation, Mother's income was $2901.50. Father's income $4,316. The mother gets a medical insurance expense—
>
> The State: Your Honor, if I may, in most paternity matters, if paternity is established, because there's not been a legal right to visitation before paternity is established, the Courts usually use standard visitation even if the testimony is there hasn't been any, because there was no legal right to this—
>
> The Court: Okay. You want me to do that so we can change that?
>
> The State: Yes, Your Honor.
>
> The Court: and 80 . . .

The foregoing reveals that the error, if any, in allocating eighty days of parenting time to Father resulted from the State's express request that the trial court allocate eighty days of parenting time to Father. This is significant because Tennessee Rule of Appellate Procedure 36(a) clearly states that: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

For the foregoing reasons, I respectfully dissent form the majority's decision to "vacate the trial court's judgment as to the calculation of retroactive child support and remand so that child support may be calculated based on the actual number of days Father exercised parenting time." I concur in the majority decision in all other respects.

_____
FRANK G. CLEMENT JR., P.J., M.S.